SAMUEL BURWELL v. GEORGE H. SNOW and C. M. COOKE, Commissioners.

*Insurance for the Benefit of Wife and Children — Assignment of Interest in an Estate—Subrogation to Rights of Creditors upon Payment of the Debts of the Estate—Heirs at Law — Constitution.*

1. One H. B. died in 1884 possessed of valuable real estate. J. S. B. qualified as his administrator. The decedent had $10,000 insurance on his life for the benefit of his wife and children, which the administrator collected for them as their agent, and, with their consent, as administrator, paid the same in discharge of certain judgments against the decedent, without taking any assignments of the judgments. In 1886, S. B., one of the heirs at law, and plaintiff herein, assigned his interest in his father's estate for the benefit of one N. In 1885 suit was brought by several creditors against the said administrator and heirs at law for certain debts due by the decedent. They obtained judgment, but the widow of the decedent and heirs at law were adjudged to be creditors, and entitled to subrogation to the extent of the insurance money paid by them, and one tract of land belonging to the estate was adjudged, by consent, to be theirs for this purpose, as far as it would go. Two of the heirs at law being much indebted to the estate, were adjudged not to be entitled to such subrogation. The defendants were appointed commissioners to sell the real estate of the decedent and apply the proceeds according to this judgment. The plaintiff demanded his share of the proceeds of the land subjected to the use of the widow and heirs at law. The commissioners refused, because of his said assignment to N.: *Held,* that the assignment of plaintiff's interest in his father's estate did not embrace the insurance money or the property allowed in part payment for its advancement.

2. The insurance money was no part of the estate of the decedent.

3. Such insurance for the benefit of wife and children belongs to them, and is expressly allowed by the Constitution.

This was an appeal from an order made by *Boykin, J.*, at February Term, 1890, of VANCE Superior Court.

The following is a copy of the material part of the case settled on appeal:

On the 12th day of August, 1884, Henry H. Burwell died in the county of Vance, possessed of a large and valuable real estate in Vance and Granville counties, and also a valuable plantation in Mecklenburg County, Virginia. His heirs at law were plaintiff Samuel Burwell and four other children. J. S. Burwell qualified as administrator a few days after his death. The said Henry H. Burwell had a policy on his life in the Connecticut Mutual Insurance Company in the sum of $10,000, for the benefit of his wife and five children, to-wit, Harry H., Nannie H., Joseph S., Carrie S., and Samuel Burwell, the plaintiff. On the __ day of ____, 1884, the said Joseph S. Burwell, as agent for the widow and said five children, collected said insurance money, and, with their consent, paid the same, as administrator of Henry H. Burwell, deceased, on the __ day of ____, 1884, to the Bank of Mecklenburg, Virginia, in discharge of certain decrees of the Circuit Court of Mecklenburg County, Virginia, against said Henry H. Burwell, deceased, taking no assignments of said decrees to any one. Afterwards, to-wit, on the 11th day of September, 1886, the said Samuel Burwell executed a deed of trust to Andrew J. Harris, trustee, for the benefit of T. D. Neal, Jr., "on all his right, title, interest, claim and demand in and to the estate of his deceased father, H. H. Burwell, including his interest in the tract of land in Mecklenburg County, Virginia, known as the Rawlins farm—the said interest in said estate and land being one undivided one-fifth interest therein." Said deed in trust was recorded in Vance County on the 13th of September, 1886, and in Mecklenburg County, Virginia, in a few days after May Term, 1888, of Vance Superior Court. The debt secured in said deed in trust is still due and owing. At the October Term, 1885, of Vance Superior Court, J. D. Cooper *et al.*, R. A. Bullock, executor, and John Hargrove instituted their several suits against the said J. S. Burwell, administrator, and the heirs at law, to collect debts due them

by the intestate, Henry H. Burwell, deceased. At February Term, 1887, of Vance Superior Court, these cases were consolidated and referred to W. H. Cheek, as referee, who filed his report on the 15th October, 1887. At the May Term, 1888, of Vance Superior Court, a decree was made in which, among other things, it is adjudged, "that so much of the report as ascertains and states the indebtedness of the estate of H. H. Burwell, deceased, be, and the same is, hereby confirmed, with the amendment thereto; that the sum of $11,252.98 paid to the Bank of Mecklenburg shall be a debt against said estate in favor of Susan C. Burwell, H. H. Burwell, Joseph S. Burwell, Samuel Burwell, Nannie Landis and Carrie Marrow, in equal proportions; but, it appearing to said Court that the said H. H. Burwell and Joseph S. Burwell are indebted to said estate in sums greater than their interest in said debts, their two-sixths interest therein is hereby declared to be discharged and paid. * * * It appearing to the Court that the above-stated indebtedness of Mrs. Susan C. Burwell, H. H. Burwell, Joseph S. Burwell, Samuel Burwell, Nannie·Landis and Carrie Marrow, in respect to money advanced to pay off the debt of the intestate, was paid in two judgments or decrees in the Circuit Court of Mecklenburg County, Virginia, and that the intestate is the owner of one-half of a tract of land in said county and State, known as the "Rawlins Farm," and which said interest is worth, according to the report of the referee, $6,000, and which they have agreed to take at said value in part payment of the same debt, and which the Court finds for the best interest of the estate; and the said estate and the said land is hereby declared to be the property of the said four parties. It is therefore ordered, adjudged and decreed that, after deducting the two sixths interest of the said H. H. Burwell and Joseph S. Burwell in said original amount, the same shall be further reduced by the sum of $6,000, and the balance of said debt shall be

BURWELL *v.* SNOW.

proven against the estate of said intestate in North Carolina. The defendants George H. Snow and C. M. Cooke were appointed commissioners to sell the real estate of the said H. H. Burwell, deceased, and distribute the proceeds as directed in said decree. At the February Term, 1890, of Vance Superior Court, the plaintiff gave the defendants George H. Snow and C. M. Cooke, commissioners, a notice to show cause "why an order should not be made directing them to pay to plaintiff his one-sixth interest in the judgment for the sum of $11,250 98 in favor of Susan C. Burwell, H. H. Burwell, Joseph S. Burwell, Nannie Landis, Carrie Marrow and the said Samuel Burwell, rendered in the decree made by Hon. A. C. Curry, Judge, at May Term, 1888, of Vance Superior Court, of *John Hargrove* v. *Joseph S Burwell, administrator, et al.; R. A. Bullock, executor,* v. *H. H. Burwell et al.,* and *J. D. Cooper et al.* v. *J. S. Burwell, administrator, et al.,* after first deducting from said Samuel Burwell's interest in said judgment the sum of $1,500. The defendants Cooke and Snow filed an answer, in which they admitted having in their hands certain sums of money which they would have paid over to Samuel Burwell but for the fact that one T. D. Neal, Jr., had given them a notice that Samuel Burwell had executed a deed in trust on his interest in his father's estate for the benefit of the said T. D. Neal, Jr., and that they were ready to pay to either party as the Court might direct. The said T. D. Neal, Jr., who was allowed to become a party, also filed an answer, in which he says that the said Samuel Burwell had executed a deed in trust (to secure a debt of $1,100 due said Neal) on all his interest in his father's estate; that said debt is still due and owing, and that the said deed is still in force, and that the said funds in the hands of Cooke and Snow are his under the said deed in trust. (The estate of said H. H. Burwell is insolvent, and will not pay over eighty cents in the dollar.)

His Honor denied the motion, and signed the judgment as appears in the record, from which judgment the plaintiff appeals to the Supreme Court and assigns for error—

1. Because the deed in trust conveys only his interest as distributee or heir at law in said estate, and not his interest as creditor of said estate.

2. That his equitable ownership of one-sixth of said Mecklenburg decree was not subject to a mortgage.

*Mr. H. T. Watkins* (by brief), for plaintiff.
*Messrs. Day & Zollicoffer* (by brief), for defendant.

MERRIMON, C. J.—after stating the facts: We are of opinion that the Court below misinterpreted the meaning and effect of the clause in question of the deed of trust mentioned above. That clause purported, in terms, to embrace all the plaintiff's "right, title, interest, claim and demand in and to the estate of his deceased father, H. H. Burwell, including his interest in the tract of land in Mecklenburg County, Virginia, known as the Rawlins farm, the said interest in said estate and land being one undivided one-fifth interest therein." This implies no more than his interest as one of the heirs at law and next of kin of his deceased father. It has reference to the intestate's estate, personal and real, and the interest is specially described as "being one undivided one-fifth interest therein." The intestate left surviving him five heirs, the plaintiff being one of them, and entitled to one-fifth of the estate, and, plainly, he intended to convey that interest. There is no word, or words, in the clause recited that at all imply a purpose to embrace and convey debts due from the estate to the plaintiff. Debts so due to him would not be part of his interest as heir at law or next of kin—as to them, he would be a creditor, and entitled, as such, to be paid.

Moreover, the insurance policy, and the money collected upon the same, did not constitute part of the intestate's estate, as seems to have been supposed, nor was the plaintiff entitled to part of it as such heir or next of kin. The policy and money belonged to the widow and children of the intestate in their own right, and not as heirs and next of kin.

The Constitution (Art. 10, § 7) provides that "The husband may insure his own life for the sole use and benefit of his wife and children, and in case of the death of the husband, the amount thus insured shall be paid over to the wife and children, or to the guardian, if under age, for her or their own use, free from all the claims of the representatives of her husband or any of his creditors." This provision clearly contemplates and intends that the husband may so insure his life, and that the policy of insurance shall at once, upon his death, become the absolute property of his wife and children, and not constitute any part of his personal estate; nor will his heirs, or personal representatives, or next of kin, as such, have any interest in such policy. *Burton* v. *Farinholt*, 86 N. C., 260. The purpose is to enable the husband to make valuable provision for his wife and children after his death, above, beyond and unaffected by his estate, personal and real, and the conditions of the same remaining at the time of his death.

So that the clause of the deed under consideration no more embraced the plaintiff's interest in the policy of insurance in question, than it did any property and rights of the plaintiff he did not acquire as heir at law or next of kin of his deceased father, or from his father at all. The terms of the deed go strongly to show that there was no purpose on the part of the plaintiff to embrace by it his interest in the policy or the fund arising from it; it expressly describes his interest conveyed in the estate as one undivided *fifth* therein; his interest in the policy was one *sixth* thereof. If he had intended to convey the latter interest, and to specify

the extent of it particularly, he would have done so correctly, and by appropriate terms.

Nor can the mortgagee defendant reasonably contend that the plaintiff intended to convey his right, to be subrogated to the extent of his share of the money arising from the policy of insurance, to the rights of the creditors of the intestate, whose judgments were paid with the money collected upon the policy. That right, treating it as such, was not part of the estate of the intestate—it was an equitable claim against it. · As we have seen, the language employed was not appropriate to convey or transfer debts and claims *against* the estate. Besides, the language of the deed employed to describe specifically and with particularity the interest conveyed, did not describe the right of subrogation as to its extent, or at all correctly; it described the interest conveyed as one-fifth, whereas the right of subrogation was one-sixth in extent.

There is error. The judgment must be so modified as to allow the motion of the plaintiff denied. To that end let this opinion be certified to the Superior Court.

It is so ordered.