K. H. CUTCHIN et al. v. W. H. JOHNSTON.

*Life   Insurance   Policies—Beneficiaries—Husband   and Wife—Transfer  by  Wife  of  Interest  in  Proceeds  of Life  Insurance  Policy  Without  Consent  of  Husband— Power  of  Election  by  Wife—Mortgage—Subrogation.*

1. The  proceeds  of  a policy of insurance  on  the  life of a husband  payable to his wife and  children belong to them and  not to the estate of the decedent.

2. A married woman who is beneficiary in a life insurance policy cannot transfer  her interest therein or in the proceeds thereof without the consent of her husband.

3. Where a married woman who was the beneficiary in a life insurance policy issued on the life of her father, elected without the consent of her husband to allow the proceeds to be applied to the reduction of a mortgage on her father's land and  then to take as an heir, as directed in her father's will, and  upon discovering that the estate was insolvent, she and  her husband joined in an action to be subrogated to the rights of the mortgage ;  *Held*, That by such action  the  husband  ratified  the  election  which  his  wife  had made.

4. Where the beneficiaries of a life insurance policy elect to allow the proceeds of the policy to be applied to the reduction of a mortgage on  the decedent's land and  to then take as devisees under the latter's will, and  the  estate is found  to be insolvent, they are entitled to be subrogated to  the rights of  the  mortgagee as against other devisees and  creditors, but only upon paying the mortgage debt in full.

CLARK, J., dissenting.

CIVIL ACTION, to be subrogated to the rights of the defendant, W. H. Johnston, as holder of a mortgage which plaintiffs, as devisees of their father, partially discharged with

the proceeds of a life insurance policy belonging to them, tried before *Robinson, J.*, at Fall Term, 1896, of EDGE-COMBE Superior Court, upon a case agreed. His Honor gave judgment for the defendants, and the plaintiffs appealed. The facts are stated in the opinion of the court.

*Messrs. G. M. T. Fountain* and *J. L. Bridgers*, for plaintiffs (appellants).

*Messrs. H. G. Connor* and *Staton & Johnston*, for defendant.

FURCHES, J.: Norfleet Cutchin, at the time of his death, held an insurance policy on his life, of $3,000, for the benefit of his wife, Margaret A. Cutchin, and his four children. The money arising from this policy was no part of his estate, but belonged to the widow and children named therein. *Burwell* v. *Snow*, 107 N. C., 82. But said Norfleet was indebted at the time of his death, and had executed a mortgage to the defendant Johnston upon a tract of land known as the "Pipkin tract," to secure a debt of $3,000, this debt being for money he had borrowed to purchase this tract of land. The said Norfleet Cutchin, at the time of his death, left a last will and testament, in which the defendant Johnston was named as executor, and this will was duly admitted to probate, and Johnston qualified as executor thereof. By the will the testator devised his lands, consisting of the Pipkin tract and other lands, to his said widow (who was to have a life estate in the home tract), to his daughter, Mattie Lee Bobbitt, and to the children of his son, R. N. Cutchin, and the children of his son K. H. Cutchin—the wives of the said R. N. Cutchin and K H. Cutchin—to have a life estate in a part of the land devised to their children respectively. After making this disposition of his property, the testator, by the tenth paragraph of his will, made the following provision: "I direct

and provide that the proceeds of the policies of the Equitable Insurance Company, which were issued for the benefit of my wife and children, except my son B. E. Cutchin, shall be applied to the satisfaction of the debts I contracted to enable me to purchase the tract of land known as the Nathan Pippen tract, which was conveyed to me by William M. Pippen, as above stated. If my children, collectively or individually, elect to take such proceeds for their own use, and thus prevent the application of the same to said debts, I do, in that event, direct that their, his or her share be sold and applied to the payment of the note held by W. H. Johnston, for the purchase of the "Pippen place." In order to better identify said debt, I hereby state that the price thereof was originally $3,250, but has been reduced to $3,000 and that the bonds therefor were given by me to W. H. Johnston for money loaned me by him to enable me to pay for said lands, and were dated on the first day of January, 1883."

After the death of the testator the defendant, Johnston, as the agent of the widow and children of the said Norfleet Cutchin, collected this insurance money. And under authority, as he supposed, of the following order, to-wit, "We, the undersigned, to whom the proceeds of the policy on the life of Norfleet Cutchin, deceased, issued by the Life Assurance Society of the United States, have decided to apply our shares of the same to the payment of the debts specified in the will of the said Norfleet Cutchin, as in the hands of W. H. Johnston, and direct said Johnston to apply the same to the payment of said debts." (Signed by R. N. Cutchin, K. H. Cutchin, Mattie Lee Bobbitt, and Margaret A. Cutchin, on July 6, 1889, and witnessed by Noah Lewis.) He applied that part of this insurance money due to R. N. Cutchin, K. H. Cutchin, Mattie Lee Bobbitt and Margaret A. Cutchin (less the costs

and charges of collecting the same), to the payment of the
said debts secured by the mortgage on the Pippin tract—
but leaving a balance still due thereon, including principal
and interest, of more than one thousand dollars. By
the depreciation in value of the real estate of the testator,
his estate has become insolvent to such an extent that it is
thought it will take the greater part of the real estate to
pay the testator's debts, still remaining due, after the appli-
cation of the insurance money, as above stated. . The Pip-
pin tract, so mortgaged to secure the debt upon which the
insurance money was paid, will probably not sell for much
more than will pay the balance of the mortgage debt.

Under this state of facts, which are agreed to by plain-
tiffs and defendant, the plaintiffs have brought this action,
in which they allege that as their money has been used, at
the testator's request, and as they thought for the purpose
of preserving and saving the real estate devised to them or
their children, they are entitled to be subrogated to the
rights of the mortgagee (or trustee Johnston), the purchase
money only being due to him in a fiduciary capacity, and
that they shall be paid back their money out of the pro-
ceeds of the sale of the Pippin tract and out of the money
arising from the sale of any other land belonging to the
testator at the time of his death.

The plaintiff, Mattie Lee Bobbitt, alleges, and this is
admitted, that she was at the time of the death of the tes-
tator, and still is, a married woman, and that by reason of
this fact she was legally incapacitated to make an election,
or to sign away and transfer her estate in the insurance
money without the consent of her husband. And this he
has never given.

We are of the opinion that the plaintiff, Mrs. Bobbitt, is
not bound by reason of having made an election to take
under the will of her father; nor by reason of her assign-

ment to the defendant Johnston, herein set forth, if the case had only presented that state of facts.    But Mrs. Bobbitt and her husband, A. E. Bobbitt, join in this action against the defendant, Johnston, and in the fifth paragraph of their complaint they allege "that they are advised and so believe, that they are entitled to be subrogated to the rights of the mortgagee, whose debt they have paid, and to have their said insurance money returned to them, with interest from the date of the said application of the same on the mortgage debt aforesaid, out of the assets of said estate, and out of the proceeds of the sale of said land." And their prayer for relief is almost in the very words of the fifth article of the complaint, above quoted.

If Mrs. Bobbitt and her husband had not joined in bringing this action, but had brought a personal action against the defendant, repudiating or denying the legal validity of her order to apply the money, and demanding payment of the same to them, it is probable they would have recovered judgment against him for the money wrongfully appropriated.    But they do not choose to take this course, and join in with other heirs and devisees in bringing this action against the defendant Johnston, as the executor of Norfleet Cutchin; and ask that they "be subrogated to the rights of the mortgagee, whose debt they have paid," and that they have their money returned to them, with interest thereon, "out of the assets of said estate and out of the proceeds of the sale of said land."

We are not at liberty to disregard the allegations of the plaintiffs in their complaint, and must take these allegations and the prayer of plaintiffs for relief as a ratification of the order to the defendant, Johnston, to apply the insurance money to the payment of this mortgage debt.    This being so, it puts Mrs. Bobbitt on the same footing with the plaintiffs, K. H. Cutchin and R. N. Cutchin.    The other

plaintiffs, being grandchildren, and having no interest in the insurance money, have no right to complain of any application that may have been made of the same. They have no standing in court from any point of view.

This examination of the case reduces it to the consideration of one question—that of subrogation.

The plaintiff having been requested by the testator in his will to apply this insurance money to the payment of this mortgage debt, and in exoneration of the land which was willed to them or their children, are entitled to be subrogated as against the other devisees and legatees of the testator, Norfleet Cutchin, who have paid nothing. *Burwell* v. *Snow*, 107 N. C., 82; *Liles* v. *Rogers*, 113 N. C., 197. But subrogation is purely an equitable doctrine, and is never enforced against a legal title or a superior equity. *Vaughan* v. *Jeffreys*, 119 N. C., 135; 3 Pomeroy Eq. Jur., Sec. 1419, note 1. And as the defendant Johnston has both the legal estate and a superior equity, as to the Pippin tract of land, the plaintiffs can have no subrogation as to the proceeds of this tract, until the balance of the mortgage debt is first paid.

The judgment of the court, reformed in accordance with this opinion, is affirmed.        Affirmed.

CLARK, J., dissents.