JOHNSTON v. CUTCHIN.

(Filed October 6, 1903.)

1. EXECUTORS AND ADMINISTRATORS — *Subrogation — Beneficiaries—Wills—Mortgages.*

Where the beneficiaries of a life policy allowed the proceeds thereof to be applied to the payment of a mortgage on decedent's realty, as directed by decedent's will, they were entitled to the funds in the hands of the executor of decedent as creditors by reason of the payment of their insurance money on the mortgage debt.

2. EXECUTORS AND ADMINISTRATORS—*Beneficiaries—Insurance—Wills—Payments.*

The beneficiary of a life policy, who was indebted to the estate of decedent in a greater amount than his share of the insurance money which he and the other beneficiaries allowed to be applied to the payment of a mortgage on decedent's realty, could not claim any part of the funds in the hands of the executor of decedent as creditor by reason of such payment.

3. ATTORNEY AND CLIENT—*Fees—Contracts—Damages.*

Where an attorney was employed by the heirs of a decedent under a contract that he should receive a certain portion of any sums which he might recover from the estate of the decedent, he was not entitled to anything when he recovered nothing for the heirs, though he may have been prevented by them from prosecuting their claim, his remedy being by an action for damages.

ACTION by W. H. Johnston, executor, against Margaret A. Cutchin and others, heard by Judge *George H. Brown* at March Term, 1903, of the Superior Court of EDGECOMBE County. From a judgment for the defendants the plaintiffs appealed.

*W. H. Johnston,* for the plaintiffs.

*John L. Bridges, G. M. T. Fountain* and *R. G. Allsbrook,* for the defendants.

MONTGOMERY, J.  A judgment was rendered below upon a statement of facts agreed by the parties in a controversy without action under section 567 of The Code.  Norfleet Cutchin, at the time of his death and the subsequent qualification of W. H. Johnston as his executor in 1889, was indebted in the sum of about three thousand dollars, incurred for the purchase of the land, secured by a deed of trust upon his tract of land known as the "Nathan Pippin place," and in various other amounts unsecured.  Item 3 of the will of the testator, Norfleet Cutchin, is as follows: "3. The tenth item of the will of the said Norfleet Cutchin is in the following words, to-wit: 'I direct and provide that the proceeds of the policies of the Equitable Insurance Company which were issued for the benefit of my wife and children, except my son, B. E. Cutchin, shall be applied to the satisfaction of the debts contracted to enable me to purchase the tract of land known as the Nathan Pippen tract, which was conveyed to me by William M. Pippen as above stated.  If my children, collectively or individually, elect to take such proceeds for their own use, and thus prevent the application of the same to said debts, I do in that event direct that their, his or her share be sold and applied to the payment of the note held by W. H. Johnston for the purchase of the Pippen place.  In order to better identify said debt I hereby state that the principal thereof was originally $3,250, but has been reduced to $3,000, and that the bonds therefor were given by me to W. H. Johnston for money loaned me by him to enable me to pay for said land, and were dated on the first day of January, 1883.' "

The amount due on the policy of insurance was collected by W. H. Johnston as the agent of the testator's widow, M. A. Cutchin, and his sons, K. H. Cutchin, R. N. Cutchin and a married daughter, Mattie Lee Bobbitt.  The whole amount was applied by Johnston towards the payment of the debt mentioned in the deed of trust on the Pippen tract of land

(leaving a balance due of nearly one thousand dollars on the debt), under the directions of a paper-writing in the following words: "We, the undersigned, to whom the proceeds of·the policy on the life of Norfleet Cutchin, deceased, issued by the Equitable Life Assurance Society of the United States, are to be paid, have decided to apply our shares of same to the payment of the debts specified in the will of the said Norfleet Cutchin, as in the hands of W. H. Johnston, and direct said Johnston to apply the same, when collected, to the payment of said debts. July 6, 1889. (Signed) R. N. Cutchin, K. H. Cutchin, Mattie L. Bobbitt, Margaret A. Cutchin. Witnessed by Noah Lewis."

The amount applied belonging to Mrs. Bobbitt was $600, that of R. N. Cutchin $600 and that of K. H. Cutchin $513.25. The personal estate of the testator and the insurance money not having been sufficient to pay the debts of the testator, decrees were made by the Superior Court of Edgecombe County, upon the petition of the executor, for the sale of the land to pay debts. The purchase money for the land sales was paid and the report of the sales confirmed. The executor Johnston died on the 25th December, 1899, before he had filed his final account, and his executors, Caroline and Henry Johnston, qualified as exectuor of the will of Norfleet Cutchin. They have filed their final account as executors of Norfleet Cutchin, leaving a balance due by them to the estate of $1,481.15.

In October, 1893, K. H. Cutchin and R. N. Cutchin made a contract with W. A. Dunn as follows: "We agree to pay W. A. Dunn four-ninths of any and all sums that he may recover for us in any way from the estate of our father, Norfleet Cutchin, for any reason whatsoever, and authorize him to act as our attorney." In pursuance of that contract, W. A. Dunn as the attorney of K. H. and R. N. Cutchin in February, 1894, instituted an action in the Superior Court of

Edgecombe County against W. H. Johnston, executor, to recover from him the amount of their shares of the insurance money which he had applied to the payment of the Pippen debt and to be subrogated to his rights under the deed of trust. A judgment was entered against the plaintiffs in the Superior Court, and that judgment was affirmed by this Court at February Term, 1897 (120 N. C., 51). W. A. Dunn made himself a party to the proceedings to sell the land for the payment of debts, and set up his claim under his agreement with K. H. and R. N. Cutchin.

When this case was heard below "it was agreed and found as a fact by the Judge that K. H. and R. N. Cutchin did not now claim, as heretofore, to be subrogated to the rights of creditors in this action, but ask that the entire money be applied in discharge of the devises and legacies to their children under the will. The executor has paid for K. H. Cutchin to creditors, the testator being surety, a greater amount than his share of the insurance money. Upon the facts the Court rendered judgment:

"1. That K. H. Cutchin, R. N. Cutchin and M. L. Bobbitt are entitled to the funds admitted to be in the hands of the executor of Norfleet Cutchin as creditors, by reason of the payments made by them of their insurance money on the indebtedness of the testator, and that neither they nor their children are entitled to the same as devisees under the will.

"2. That K. H. Cutchin, being indebted to the estate of the testator in a greater amount than his share of the insurance money paid by him for the estate at the time it was paid, is not entitled to receive any of the funds in the hands of the executor.

3. That W. A. Dunn is entitled to four-ninths of such amounts as belong to R. N. Cutchin under this judgment."

The executors were directed to pay, first, the costs of the action, including the sum of $10, to be paid to James Pender,

the next friend of Mabel Cutchin, Mattie Lee Cutchin and Donnell Cutchin. Out of the funds now in their hands, which amounted to $1,485.25, and after the payment of the costs, they pay one-half of what remains to M. L. Bobbitt or her attorney, and four-ninths of the other half they pay to W. A. Dunn by virtue of the assignment made to him by R. N. Cutchin, and the remaining five-ninths they pay to R. N. Cutchin, and that upon the amounts specified the executors shall be fully discharged from further liability by reason of their dealings with the administration and settlement of the estate of Norfleet Cutchin.

From the judgment the executors and A. E. Bobbitt, guardian of his children, James Pender, next friend of Mabel Cutchin, Mattie Lee Cutchin, Donnell Cutchin, Nannie G. Cutchin, T. N. Cutchin and R. N. Cutchin appealed to this Court.

We are of the opinion that there is no error, except in that part of the judgment in which four-ninths of the recovery of R. N. Cutchin should be paid to W. A. Dunn. He was entitled under the law to no part of it. It appears from the statement of the facts that he did not make any recovery for his clients in the action he brought for them in 1894. The judgment of the Court below was against them, and that judgment was affirmed in this Court. He had no connection with the present action as attorney. In the event that he had made a recovery for his clients by judgment, by many respectable authorities, he would, under the agreement with K. H. and R. N. Cutchin, have been entitled to the judgment in his favor, such an agreement between attorney and client being held to be an equitable assignment. But the question does not arise in this case, and it is not necessary for us to decide it.

If K. H. and R. N. Cutchin prevented him from further prosecuting their demand and claim against the executors

after the failure of the first action, he may have his remedy against them by a civil action, but he can claim no lien upon the recovery as equitable assignee.

In the 11th section of the will the testator directed that out of the proceeds of the crop made on the land devised to the children of his son, K. H. Cutchin, a bale of cotton should be annually paid to his daughter, Mattie Lee Cutchin, during the life of his widow, and out of the crop made on the land devised to the children of R. N. Cutchin a bale of cotton should be paid annually during the life of his widow to Mattie Lee Cutchin.

In the agreed facts it was stated that $131.22 was due by the devisees of the Nathan Pippen and Bob Johnston tracts. His Honor below, in the judgment, held that Mrs. Bobbitt was not entitled to receive those amounts by virtue of item 11 of the will, on the ground that they were payable out of the crop alone, and, as we have said, there is no error in that ruling.

Modified and affirmed.