PEOPLES BUILDING AND LOAN ASSOCIATION v. ODESSA
RICE SWAIM.

(Filed 27 November, 1929.)

1. **Executors and Administrators B a—Money received by widow as beneficiary of life insurance is not liable for debts of husband.**

    Money received by the widow as beneficiary under the life insurance policy of her deceased husband is not available to the creditors of his estate. Article X, section 7.

2. **Bills and Notes A a—In this case held: nonnegotiable note of widow given for debt of husband was without consideration.**

    Allegation in the complaint that the widow, according to the request of her husband since deceased, has given a written promise to pay his defalcations to the promisee out of the moneys to be derived by her as beneficiary under a policy of life insurance of the husband, without agreement on the part of the promisee not to make claim against the husband's estate, or without other advantage to the promisor or disadvantage to the promisee, both the estate and the widow being insolvent, the written instrument *not being a negotiable instrument*, there is no *prima facie case* alleged that will import a consideration for the writing and the other allegations tending only to show a *nudum pactum*, the defendant's demurrer thereto is good.

3. **Same—Preexisting debt of husband is not consideration for nonnegotiable note of his widow.**

    The provisions of C. S., 3005, that a preëxisting debt is sufficient consideration for a promissory note does not apply when the note in question is not negotiable within the meaning of the negotiable instrument law, and the debt was not contracted by the maker, and where the nonnegotiable note is given by a widow for the defalcation of her husband without consideration, it must be alleged and shown that she knowingly accepted profit, advantage or benefit from the transaction.

**4. Same—New consideration must be shown to hold widow liable on her nonnegotiable note given for debt of her husband.**

In order to hold the widow personally liable for the preëxisting debts of her deceased husband on her nonnegotiable note given by her for their payment, there must be a new consideration given her or forbearance to proceed against his estate, etc.

APPEAL by plaintiff from *Moore, J.,* at September Term, 1929, of DAVIDSON. Affirmed.

The pleadings show substantially the following facts:

1. The defendant Odessa Rice Swaim was married to A. R. Swaim on 10 January, 1924, and on 11 November, 1926, their only child was born, and is now living with its mother.

2. The defendant was the beneficiary of an insurance policy on the life of her husband, issued by the Columbian National Life Insurance Company of Boston, on which after the death of the assured there was paid to the defendant $7,817.75.

3. For about four years before his death A. R. Swaim had been employed by the plaintiff as its assistant secretary; and in June, 1928, it was discovered that in his account with the plaintiff he had defaulted in the sum of $5,918.50. He admitted his default and his making false entries on the plaintiff's books for the purpose of concealing the shortage.

4. On or about 28 June, 1928, A. R. Swaim placed the above-named policy and other papers in a pocket of his automobile, drove into the country, and shot and killed himself while seated in the car. It is alleged by the plaintiff on information and belief that he requested his wife and his brother to see that his deficiency was paid out of his insurance.

5. It is alleged by the plaintiff that the defendant, after the death of her husband, went to the home of A. H. Ragan, secretary and treasurer of the plaintiff, to make some arrangement for paying the deficiency, and returned without consenting or agreeing to any plan; but on the next day it was agreed by her and A. H. Ragan that the defendant would make a note to the plaintiff covering the deficiency, and that it should be paid out of funds to be derived from the insurance policy. It was agreed that the note should be held by the plaintiff without publicity and not be turned over to any bank.

6. On 6 July, 1928, the defendant gave to the plaintiff her promissory note for $5,918.51, payable one day after date, to be paid out of her insurance money. The plaintiff alleged that the defendant had profited by her husband's use of the plaintiff's funds.

7. Defendant alleged that the note in suit had been procured by the plaintiff's fraud and deceit and was not supported by a valuable consideration.

The defendant moved that the action be dismissed for the reason that it appears upon the face of the pleadings that the note was not executed for a valuable consideration. The motion was allowed and judgment was rendered dismissing the action. The plaintiff excepted and appealed.

*McCrary & DeLapp and H. R. Kyser for plaintiff.*
*King, Sapp & King and Spruill & Olive for defendant.*

ADAMS, J. It is not suggested that the estate of A. R. Swaim is not liable for the alleged deficiency in his account with the plaintiff; but the money paid Mrs. Swaim as the beneficiary of the policy issued by the Columbian National Life Insurance Company is her individual property and is not subject to the payment of the debts of the deceased or to distribution as a part of the assets of his estate. Constitution, Art. X, sec. 7; *Burwell v. Snow,* 107 N. C., 82; *Cutchin v. Johnston,* 120 N. C., 51. The only question for decision is whether the defendant's note is supported by a valuable consideration or whether it is a *nude pact.*

We find in the pleadings no averment raising a presumption of fact which requires the submission of an issue to the jury. There is no allegation either that the note was under seal or that it was negotiable, and for this reason deemed prima facie to have been issued for a valuable consideration. C. S., 2982, 3004. A nonnegotiable note does not import a consideration. 3 R. C. L., 926, sec. 122. It was incumbent upon the plaintiff to set forth facts sufficient to show that the note was given for value. *Hunt v. Eure,* 188 N. C., 716. The plaintiff's allegations, instead of doing this, tend rather to negative the material fact which should have been stated.

By virtue of a statutory provision an antecedent or preëxisting debt constitutes value. C. S., 3005. The preëxisting debt of the maker, drawer, or acceptor of negotiable paper is undoubtedly a valid consideration for his making, drawing, or accepting a negotiable note or bill of exchange; and the preëxisting indebtedness of the holder to a third party is a sufficient consideration for the endorsement and transfer of the paper to such creditor. 1 Daniel on Negotiable Instruments (6 ed.), sec. 184; *Smathers v. Hotel Co.,* 168 N. C., 69, 72; *Bank v. Seagroves,* 166 N. C., 608. This provision is inapplicable here for the reason that, as we have said, it does not appear from the record that the note sued on is negotiable or that the debt for which it was given was contracted by the defendant. It is not alleged that she knowingly accepted any profit, advantage, or benefit from her husband's wrongdoing. A note given by one person in payment or extinguishment of the debt of a third person

will constitute a valuable consideration; but without discharge, or forbearance, or a new consideration, the mere debt of one person will not support the note of a stranger to the debt. 8 C. J., 219, sec. 354. The pleadings contain no allegation of any agreement by the plaintiff to discharge the estate of the deceased, or to forbear proceedings against his estate to collect the amount of the alleged deficiency. The husband's request that his debt be paid out of his wife's property was not binding on her. A mere moral obligation, though coupled with an express promise, will not constitute a valuable consideration. 1 Daniel on Negotiable Instruments (6 ed.), sec. 182.

While the discharge of a debt due by a third person will as a general rule be deemed a valuable consideration for a bill or note, the debt of a deceased person is not of itself a sufficient consideration to support the personal liability of the widow, or a distributee, or of a personal representative of the deceased. 8 C. J., 222, sec. 358. This doctrine has often been maintained and applied. In *Paxson v. Nields,* 187 Pa. St., 385, 21 A. S. R., 888, it was held that a note given by a widow for the payment of a debt due by her husband, who was insolvent at the time of his death, without a new consideration to support it, was void and, of course, not enforceable. Substantially the same conclusion was reached in *Gilbert v. Brown,* 97 S. W. (Ky.), 40, 7 L. R. A. (N. S.), 1053, and in *Maul v. Vaughn,* 45 Ala., 134. It was shown in the latter case that a judgment debtor, who owned a plow and saddle horse, died insolvent, leaving a widow and an infant child. The widow used the horse without taking out letters of administration on the estate. She executed a note in settlement of the judgment, the creditor's agent telling her that because she had used the horse she was liable for the debt. Without her request he receipted the judgment. The Supreme Court of Alabama held that the note was without consideration, though it would have been supported by value if the judgment had been receipted by request of the widow. The principle was adhered to in *Watson v. Reynolds,* 54 Ala., 191. There the note was given by the widow of a deceased debtor to his creditor; but the creditor did not cancel the debt, or lose, or suspend any remedy he had against the estate. The Court decided that the note was without consideration. See *Felton v. Reid,* 52 N. C., 269; *Long v. Rankin,* 108 N. C., 333; *Wilcox v. Arnold,* 116 N. C., 709.

The principles underlying these decisions must control in the case before us. There was no new consideration for the defendant's note. The initial debt was not canceled and the plaintiff is not precluded from proceeding against the debtor's estate. The widow by executing the note has received no benefit; she has acquired nothing from her husband's estate that she would not have been entitled to if she had not given the note. The estate of A. R. Swaim is insolvent, and so is the

BANK *v.* WINDER.

defendant.  The transaction in question, as was said in *Paxson v. Nields, supra,* was "a one-sided affair, and exclusively for the benefit" of the plaintiff.  The alleged promise to keep it secret was sentimental rather than valuable; and in any event there is no allegation of the plaintiff's compliance with such promise.  The judgment is

Affirmed.