BECKY OSBORNE HAMPTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59759. Filed June 25, 1958.

*Bailey Brown, Esq.,* for the petitioner.
*George W. Calvert, Esq.,* for the respondent.

BRUCE, *Judge:* The respondent determined that the petitioner was liable as a transferee of assets of the Estate of Forrest L. Osborne, deceased, for unpaid income taxes and additions to tax, plus interest thereon, due from the estate of the deceased as follows:

| Year ended December 31 | Income tax | Addition to tax | |
|---|---|---|---|
| | | Sec. 293 (b) | Sec. 291 (a) |
| 1944 | $2,109.64 | $1,054.82 | (¹) |
| 1945 | 4,619.92 | 2,309.96 | (¹) |
| 1946 | 11,771.79 | 5,885.90 | (¹) |
| 1947 | 33,050.15 | 16,525.23 | (¹) |
| 1949 | 3,187.67 | (¹) | $796.92 |

¹ None.

The only question for decision is whether the petitioner is liable as a transferee for the deficiencies in income tax and additions to tax plus interest thereon due from Forrest L. Osborne for the years 1944 to 1947, inclusive, and 1949, to the extent of the proceeds of certain insurance policies on the life of Osborne, which proceeds were received by petitioner as the named beneficiary therein.

### FINDINGS OF FACT.

Most of the facts were stipulated or specifically admitted in the pleadings. As so stipulated or admitted they are incorporated herein by this reference.

Forrest L. Osborne died, a resident of Memphis, Shelby County, Tennessee, on February 25, 1950. His widow, Becky Osborne, was appointed executrix of his estate by the Probate Court of Shelby County, Tennessee, and letters testamentary were issued to her on March 1, 1950. Forrest L. Osborne's last will and testament was admitted to probate by said Probate Court.

The petitioner herein, Becky Osborne Hampton, is the same person as Becky Osborne, formerly the wife of the deceased Forrest L. Osborne. The petitioner and Forrest L. Osborne were married on September 29, 1929, and were still married on the date of his death. Petitioner and her husband resided in Memphis from August 1939 until the date of his death. Hereinafter, Forrest L. Osborne will sometimes be referred to as the decedent.

Forrest L. Osborne filed individual Federal income tax returns for each of the years 1944 to 1947, inclusive, with the collector of internal revenue for the district of Tennessee. A Federal income tax return for Forrest L. Osborne, deceased, for the year 1949 was filed by Becky Osborne, executrix, with the collector of internal revenue for the district of Tennessee on November 1, 1951, showing a tax liability of $4,481.97 on which there was an unpaid balance of $3,187.67 due.

During the years 1944 to 1947, inclusive, Forrest L. Osborne received and derived taxable income from the operation of watchmaking schools, the sale of watchmakers' tools and supplies, and from the rental of property. With intent to evade and defeat the payment of his taxes for these years, Osborne failed to keep adequate and complete books of

account for his income-producing activities as required by the Internal Revenue Code of 1939 and regulations promulgated thereunder.

The respondent computed Osborne's correct income for the years 1944 to 1947, inclusive, by the increase in net worth plus personal expenditures method. His correct taxable income and the taxable income (or loss) as shown on his false and fraudulent returns are as follows:

| Year | Taxable income (or loss) shown on return | Correct taxable income | Under-statement |
|---|---|---|---|
| 1944 | $4,427.74 | $14,298.26 | $9,870.52 |
| 1945 | (164.12) | 14,836.79 | 15,000.91 |
| 1946 | 5,933.36 | 31,710.02 | 25,776.66 |
| 1947 | 17,078.88 | 68,708.45 | 51,629.57 |

The respondent's investigation of Osborne's tax returns for the years 1944 to 1947, inclusive, began in about June 1948. At this time Osborne was alive. Osborne had several conferences with the investigating agents concerning his tax liability and was orally advised that deficiencies were being set up against him for the years 1944 to 1947, inclusive. Respondent did not mail a statutory deficiency notice to Osborne prior to his death.

The petitioner, as executrix of the estate of Forrest L. Osborne, deceased, executed a Form 870, Waiver of Restriction on Assessment and Collection of Deficiency in Tax, on April 8, 1950, agreeing to the assessment of deficiencies in income tax and additions to tax due from Forrest L. Osborne, deceased, as follows:

| Year | Income tax | Addition to tax, sec. 293 (b) |
|---|---|---|
| 1944 | [1] $3,441.20 | [1] $1,720.60 |
| 1945 | 4,619.92 | 2,309.96 |
| 1946 | 11,771.79 | 5,885.90 |
| 1947 | 33,050.45 | 16,525.23 |

[1] The difference in the amounts appearing in this schedule for the year 1944 and the amounts disclosed in the notice of transferee liability for that year is due to partial payments of tax with respect to such year.

The respondent assessed the above amounts for the years 1944 to 1947, inclusive, together with interest thereon, on his June 30, 1950, list. The amount of $3,187.67, plus interest thereon, for the year 1949 was assessed on the November 1951 list.

The respondent, on August 30, 1950, filed proofs of claim against Forrest L. Osborne, deceased, with the Probate Court having jurisdiction of the administration of the decedent's estate. Said proofs of claim totaled $84,979.98 and covered the decedent's unpaid liability for income tax, additions to tax, and interest due for the years 1944 to 1947, inclusive. A further proof of claim was filed on January 16, 1952, in the amount of $4,290.70. This amount covered the decedent's

unpaid liability for income tax, addition to tax, and interest due for the year 1949.

Exclusive of the insurance policies set forth below, the decedent's total assets, valued at the date of his death, were as follows:

| Assets | Value |
|---|---|
| 83 N. Second St., Memphis, Tenn. | $32,500.00 |
| 125 shares Southern Tool & Supply Co. stock, par $100 | 0 |
| 250 shares Southern College of Watchmaking, Inc., stock, par $100 | 0 |
| Certificate of membership, Tennessee Club | 250.00 |
| Bank account, Commercial & Industrial Bank | 491.15 |
| Bank account, First National Bank | 37.38 |
| Clothing and effects | 500.00 |

There were unpaid deficiencies in income tax and additions to tax due from Forrest L. Osborne at the date of his death as follows:

| Year | Income tax | Additions to tax | |
|---|---|---|---|
| | | Sec. 293 (b) | Sec. 291 (a) |
| 1944 | $3,441.20 | $1,720.60 | |
| 1945 | 4,619.92 | 2,309.96 | |
| 1946 | 11,771.79 | 5,885.90 | |
| 1947 | 33,050.45 | 16,525.23 | |
| 1949 | 3,187.67 | | $796.92 |

In addition to his liabilities for deficiencies in income taxes and additions to tax for the taxable years 1944 to 1947, inclusive, and 1949 in amounts as set forth above, plus interest thereon, the decedent at the date of his death had other outstanding liabilities in the total amount of $8,232.54.

The following schedule shows information in respect to the life insurance policies carried by Forrest L. Osborne during his lifetime which were in effect at the date of his death:

(a) *Travelers Insurance Company, Policy No. 2388032 Issued February 3, 1947*
The cash surrender value of this policy at the date of decedent's death was $619.78. The decedent's wife, Becky Osborne, as named beneficiary in the policy, received $2,281.90 from this policy; $7,500 was paid to the First National Bank, Memphis, Tennessee, and $218.10 was applied on past due premiums. The $7,500 paid to the First National Bank was paid because of a debt owed to the bank by the decedent, to secure which the policy had been assigned to the bank.

(b) *Equitable Life Assurance Society of the United States, Policy No. 12396647 Issued May 1, 1947*
The cash surrender value of this policy at the date of decedent's death was $892. The decedent's wife, Becky Osborne, as named beneficiary in the policy, received $3,407.98 from the proceeds of this policy.

(c) *Ben Hur Life Association, Policy No. 669077 Issued December 29, 1941*
The cash surrender value of this policy on the date of decedent's death was $317. The decedent's wife, Becky Osborne, as named beneficiary in the policy, received $4,000 from the proceeds of this policy.

(d) *State Mutual Life Assurance Company, Policy No. 538645 Issued March 16, 1943*

The cash surrender value of this policy at the date of decedent's death was $296.45. The decedent's wife, Becky Osborne, as named beneficiary in the policy, received $5,033.14 from the proceeds of this policy.

(e) *Commonwealth Life Insurance Company, Policy No. 298532 Issued April 16, 1945*

This policy had no cash surrender value on the date of decedent's death. The decedent's wife, Becky Osborne, as named beneficiary in the policy, received $2,453 from the proceeds of this policy.

In each of the insurance policies set forth above, Forrest L. Osborne, during his lifetime, retained the full rights of ownership, including the right to change the beneficiary, the right to borrow on the policies, and the right to surrender the policies for cash as he saw fit.

The property known as 83 N. Second Street, Memphis, Tennessee, was sold by order of the Probate Court of Shelby County, Tennessee, for $35,000 on or about May 14, 1956. After the payment of an outstanding mortgage against the property, taxes, and expenses connected with the sale, there was $29,920.38 remaining from the proceeds of the sale. The $29,920.38 was paid to the director of internal revenue and applied to the deficiencies in income tax and additions to tax due from Forrest L. Osborne for the years 1944 to 1947, inclusive, and 1949. After giving effect to this payment, there are still unpaid deficiencies in tax and additions to tax of Forrest L. Osborne in excess of $50,000 that are uncollectible from his estate.

Forrest L. Osborne was insolvent at the date of his death and his estate was also insolvent.

Upon the death of Forrest L. Osborne, the petitioner, without consideration, received a total of $17,176.02 from the proceeds of the life insurance policies carried by Forrest L. Osborne in which she was the named beneficiary. The aggregate cash surrender value of such policies amounted to $2,125.23.

### OPINION.

This case involves respondent's determination that petitioner is liable as a transferee with respect to the admitted tax liability of her deceased husband to the extent of the amounts received by her as named beneficiary of the proceeds of certain policies of insurance on the life of the decedent.

The taxes involved are income taxes for the years 1944 to 1947, inclusive, and 1949. The deficiency procedure employed by respondent in this proceeding is authorized by section 311, I. R. C. 1939.[1] Petitioner's position is (1) she is not a "transferee" within the mean-

---

[1] SEC. 311. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner

ing of section 311 and (2) in determining her liability, Tennessee law, which provides that under the circumstances of this case no liability exists, is applicable. Respondent urges that it is improper to consider State law in determining petitioner's liability.

It is to be noted at this time that the taxes involved were not assessed prior to the death of the decedent and no question with respect to liens is here presented. Cf. *United States* v. *Bess*, 357 U. S. 51 (1958). Nor is any question respecting payment of premiums of policies in fraud of creditors involved since the record does not disclose that decedent was insolvent at any time prior to his death.

The recent decision of the Supreme Court in *Commissioner* v. *Stern*, 357 U. S. 39 (1958), is apposite and controlling here. In *Stern* the Court held that the question of a life insurance beneficiary's liability for income taxes of a deceased insured is governed by State law. In light of that decision and the facts of record, it is unnecessary to consider petitioner's first argument in order to dispose of this case.

We have found in accordance with the parties' stipulation that the decedent was a resident of Tennessee at the time of his death. It is also clear from the stipulation and the record that petitioner was decedent's wife at that time and was also a Tennessee resident. Accordingly, we turn to an examination of Tennessee law with respect to the liability imposed upon petitioner. The pertinent statutory references are sections 8456 and 8458, Williams Tennessee Code Annotated (1934).[2] These provisions are similar to the Kentucky statutes involved in the *Stern* case. They and their predecessor sections have been consistently construed by the Tennessee courts to the effect that no liability for the debts of a deceased insured is imposed upon

and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter.

\*     \*     *     \*     \*     \*     \*

Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

\*     \*     \*     \*     \*     \*     \*

(f) DEFINITION OF "TRANSFEREE."—As used in this section, the term "transferee" includes heir, legatee, devisee, and distributee.

[2] 8456. Insurance on husband's life, effected by himself, goes to wife and children.— Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children ; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband.

8458. Life insurance or annuity for or assigned to wife or children or dependent relatives is exempt from claims of creditors.—The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the wife and/or children, or dependent relatives of such person, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after the effective date of this Code, whether or not the right to change the named beneficiary is reserved by or permitted to such person.

the beneficiaries (enumerated in the aforementioned statutes) of policies of insurance upon his life with respect to the entire amount of the proceeds received from such policies. *Harvey* v. *Harrison*, 89 Tenn. 470, 14 S. W. 1083 (1891); *Sparkman-Thompson, Inc.* v. *Chandler*, 162 Tenn. 614, 39 S. W. 2d 741 (1931); *Third National Bank* v. *Hall*, 30 Tenn. App. 586, 209 S. W. 2d 46 (1947).

In the instant case, it is clear that as decedent's wife petitioner comes within the class of beneficiaries favored by the applicable statutes. Thus, Tennessee law imposes no liability against petitioner in favor of the decedent's creditors with respect to the amounts of life insurance proceeds in issue. In accordance with the principles stated in *Commissioner* v. *Stern, supra,* we hold that no liability of petitioner to the Government exists with respect to such insurance proceeds. Due to concessions made by the parties,

*Decision will be entered under Rule 50.*