*Decision will be entered under Rule 50.*

HELEN E. MYERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59752. Filed June 25, 1958.

*William C. Myers, Jr., Esq.*, for the petitioner.
*Drew R. Tillotson, Esq.*, for the respondent.

#### OPINION.

FORRESTER, *Judge:* The Commissioner determined that petitioner was liable under section 311, I. R. C. 1939, as a transferee for unpaid income taxes for the year 1952 of William C. Myers, Sr., deceased, in the amount of $527.08. The sole issue before us is whether petitioner is so liable by virtue of having received as beneficiary the proceeds of a policy of insurance upon the life of the deceased.

All of the facts have been stipulated and are so found.

Petitioner is the widow of William C. Myers, Sr., who died on October 20, 1952. At all relevant times until decedent's death, petitioner lived with decedent at 402 West 3rd Street, Webb City, Mis-

souri. Petitioner is and has been at all relevant times a resident of the State of Missouri.

On January 22, 1953, petitioner filed an income tax return for the decedent for the calendar year 1952 with the director of internal revenue at Kansas City, Missouri, showing income tax due in the amount of $527.08, which amount was duly placed on the assessment list and demand made for its payment. No part thereof has been paid, and such amount, together with interest, remains due and unpaid.

At his death, decedent was insolvent and without sufficient assets to satisfy the foregoing income tax liability. His estate is and at all times has been similarly unable to pay the tax.

On October 20, 1952, decedent was the owner of and insured under a policy of insurance upon his life in the face amount of $5,000, with a cash surrender value in the amount of $155. The policy was issued as of September 8, 1947. Premiums in the amount of $42.35 were due and payable quarter-annually for the first 5 years. Thereafter, beginning with the payment due on September 8, 1952, premiums were payable quarter-annually in the amount of $81.90.

Petitioner was and at all times had been the beneficiary named in the foregoing policy, and its proceeds in the amount of $5,000 were paid to her after decedent's death. During his lifetime, decedent retained all incidents of ownership in the policy.

In *Commissioner* v. *Stern*, 357 U. S. 39, the Supreme Court held that the liability of a transferee of property of a taxpayer for unpaid income taxes of the transferor must be determined by reference to State law. And cf. *United States* v. *Bess*, 357 U. S. 51, decided on the same day. In accordance with the above holdings, the sole question before us is whether under the laws of the State of Missouri any part of the amount received by petitioner may be reached by respondent to satisfy income tax delinquencies of the decedent.

Section 376.560 of the Missouri Revised Statutes of 1949 reads as follows:

> Any policy of insurance heretofore or hereafter made by any insurance company on the life of any person, expressed to be for the benefit of the wife of the insured, shall inure to her separate benefit, independently of the creditors, executors and administrators of the husband; * * *. But when the premiums paid in any year out of the funds or property of the husband shall exceed the sum of five hundred dollars, such exemptions from such claims shall not apply to so much of said premiums so paid as shall be in excess of five hundred dollars, but such excess shall inure to the benefit of his creditors.

Petitioner's liability is thus limited to the excess of premiums paid in any year over $500. Cf. *Judson* v. *Walker*, 155 Mo. 166, 55 S. W. 1083. No such excess exists here, so petitioner is under no liability

to creditors of her deceased husband, including the United States as a creditor in respect of his 1952 income tax. Respondent has not contended that any premiums were actually paid in fraud of creditors, so we need not determine whether any equitable remedies would in such case be open in Missouri to creditors so victimized.

*Decision will be entered for the petitioner.*