VERNON M. BINGHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56986. Filed July 10, 1958.

*Thomas A. Uzzell, Jr., Esq.,* for the petitioner.
*Richard C. Forman, Esq.,* for the respondent.

**OPINION.**

ATKINS, *Judge:* The respondent determined that the petitioner is liable, to the extent of $10,175.29, as transferee of assets of her deceased husband, Irving W. Bingham, for deficiencies in income taxes

and additions thereto (with interest thereon) determined against him for the calendar years 1945 to 1951, inclusive, as follows:

| Year | Income tax | Additions to tax | | | |
|---|---|---|---|---|---|
| | | Sec. 291 (a) | Sec. 293 (b) | Sec. 294 (d) (1) (A) | Sec. 294 (d) (2) |
| 1945 | $2,194.54 | | $1,097.27 | | |
| 1946 | 2,300.74 | | 1,150.37 | | |
| 1947 | 5,449.97 | $1,362.49 | 2,959.69 | | |
| 1948 | 4,572.14 | 1,143.04 | 2,286.07 | | |
| 1949 | 756.79 | 189.20 | 378.40 | | |
| 1950 | 2,581.96 | 645.49 | 1,290.98 | $258.20 | $154.92 |
| 1951 | 1,751.30 | 437.83 | 875.65 | 105.08 | 175.12 |

It has been stipulated that these were the correct amounts of unpaid deficiencies at the time of the decedent's death.

The amount of $10,175.29 determined by the respondent as the petitioner's liability as transferee represents the amount received by the petitioner as proceeds under policies of life insurance on the life of the decedent.

The proceeding was submitted on a stipulation of facts under Rule 30. The facts stipulated are so found.

Irving W. Bingham (herein referred to as Bingham or the decedent) died intestate a resident of Asheville, North Carolina, on September 21, 1953. His wife, Vernon M. Bingham, the petitioner herein, qualified and was appointed as administratrix of his estate in March 1954, by the Superior Court of Buncombe County, North Carolina.

Bingham filed individual Federal income tax returns for the years 1945 and 1946 with the collector of internal revenue for the district of North Carolina. He failed to file income tax returns for the years 1947 through 1951. During the years 1945 through 1951 he received income from the practice of public accounting, from partnerships, salaries, and profits and income derived from miscellaneous transactions. He did not maintain books of account or other records reflecting his correct net income.

The respondent's investigation of Bingham's income tax affairs began in the fall of 1951. Bingham had several conferences with the investigating agent and knew that deficiencies in tax were being set up against him. The respondent determined Bingham's net income for the taxable years by the bank deposits method.

On August 17, 1954, the petitioner, as administratrix of the estate of the decedent, executed a waiver of restrictions on assessment and collection of the deficiencies in tax and additions thereto in the aggregate of the amounts above set forth and those amounts were assessed by the respondent together with interest thereon on the respondent's October 7, 1954, assessment list. On January 20, 1955, the respond-

ent filed proof of claim against the estate of Bingham for income taxes, additions thereto and interest for the years 1945 through 1951 in the total amount of $40,918.54.

At the time of the decedent's death there were five life insurance policies, in total face amount of $20,663.60, on his life issued to him by Phoenix Mutual Life Insurance Company of Hartford, Connecticut, which were then owned by him and were in full force and effect. There were outstanding loans against each of the five policies. The aggregate cash surrender value of the policies, over and above the loans, was $1,998.14. The decedent retained the right to the cash surrender value up to the date of his death and also reserved the right to change the beneficiary. The petitioner was the designated beneficiary of each policy and remained such. The net proceeds of the five policies, in the aggregate amount of $10,175.29, were paid to the petitioner after the death of the decedent, in accordance with the terms of the policies.

The several insurance policies on the life of the decedent were issued on various dates from June 24, 1941, to December 1, 1945. On and before December 1, 1945, the date of issuance of the last of the five policies, the decedent was solvent. Thereafter he became insolvent and was insolvent at the date of his death, and his estate was also insolvent and unable and is still unable to pay the deficiencies in income taxes, additions to the tax, and interest thereon. The deficiencies have not been paid. By letter dated December 23, 1954, the respondent notified the petitioner of his determination of her liability as transferee.

In the recent case of *Commissioner* v. *Stern*, 357 U. S. 39, the Supreme Court held that the liability, at law or in equity, of a transferee of property of a taxpayer in respect of the income tax, which is to be enforced under section 311 of the Internal Revenue Code of 1939, is to be determined by reference to State law.

The decedent at the time of his death was a resident of the State of North Carolina and his estate was administered in that State by his wife, the petitioner herein.

Article X, Section 7 of the Constitution of North Carolina provides:

The husband may insure his own life for the sole use and benefit of his wife and children, and in case of the death of the husband the amount thus insured shall be paid over to the wife and children, or to the guardian, if under age, for her or their own use, free from all the claims of the representatives of her husband, or any of his creditors. And the policy shall not be subject to claims of creditors of the insured during the life of the insured, if the insurance issued is for the sole use and benefit of the wife and/or children. * * *

The General Statutes of North Carolina provide in material part as follows:

Section 58–206. Creditors deprived of benefits of life insurance policies except in cases of fraud. If a policy of insurance is effected by any person on his own life * * * the lawful beneficiary * * * shall be entitled to its proceeds and avails against creditors and representatives of the insured * * * whether or not the right to change the beneficiary is reserved or permitted * * * : Provided, that subject to the statute of limitations, the amount of any premiums for said insurance paid with the intent to defraud creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy * * *.

These provisions have been the subject of litigation in the courts of North Carolina and the Supreme Court of that State has carefully protected the rights of a wife, who is the beneficiary of a life insurance policy, against the claims of creditors of her deceased husband. See *People's Building & Loan Assn.* v. *Swaim*, 198 N. C. 14, 150 S. E. 668, and cases cited therein.

Accordingly, under the decision of the Supreme Court in the *Stern* case, the petitioner is not liable as a transferee by virtue of having received the proceeds of the life insurance policies unless, and to the extent that, premiums for such insurance were paid with the intent to defraud creditors. If any premiums were so paid the establishment of that fact is part of the respondent's burden of proof under the provisions of section 1119 (a) of the Code.

In the instant case there is no showing that any premiums were paid with the intent to defraud creditors. Actually there has been no showing when the premiums were paid or when the decedent became insolvent, except that he became insolvent at some time after the last policy was issued to him. For all that appears in the record all the premiums may have been paid prior to the time of his insolvency.

We accordingly hold that the petitioner, as beneficiary of the several life insurance policies, is not liable as transferee for the deficiencies in income taxes, additions thereto and interest thereon, due from the decedent. See *Becky Osborne Hampton*, 30 T. C. 708, and *Helen E. Myers*, 30 T. C. 714. The taxes and additions thereto were not assessed prior to the date of the death of the decedent and no question with respect to liens is here present. Cf. *United States* v. *Bess*, 357 U. S. 51.

*Decision will be entered for the petitioner.*