WRIGHT v. WRIGHT.

(*Nashville.* February 9, 1898.)

1. ADMINISTRATION. *Proceeds of life policy assets, when.*

The proceeds of a policy obtained by an unmarried man upon his own life, and made payable to himself, "his executors, administrators, or assigns," are not exempt to his father or other next of kin, but go in the usual course to his personal representative as assets for payment of debts and distribution.

Case cited and distinguished: Rose v. Wortham, 95 Tenn., 505.

2. DESCENT AND DISTRIBUTION. *Father takes personal estate of unmarried child.*

The father, if living, takes the personal estate, including proceeds of a life policy of his deceased unmarried child, to the exclusion of all others.

Code construed: § 4172, subsecs. 4, 5 (S.); § 3278 (M. & V.); § 2429 (T. & S.).

Cases cited and approved: Gardenhire v. Hinds, 1 Head, 410; Bragg v. French, 5 Sneed, 247; Deadrick v. Armour, 10 Hum.. 593.

---

FROM LINCOLN.

---

Appeal from Chancery Court of Lincoln County. M. D. SMALLMAN, J., sitting by interchange.

W. B. LAMB for E. M. Wright.

HOLMAN & CARTER, JO. G. CARRIGAN and WM. FEENEY for E. B. Wright.

CALDWELL, J.   This is a controversy over the proceeds of a life insurance policy.   J. W. Wright, a citizen of Lincoln County, Tennessee, held a policy of insurance for $2,500 on his life in the Mutual Life Insurance Company of New York, payable to himself, ''his executors, administrators or assigns.'' He died intestate, without making any disposition of the policy, and without widow or child, never having been married; but left his father, mother, brothers, and sister surviving.   The company paid the amount of the policy to the administrator of the assured, and thereafter this litigation arose.   The administrator claimed the money paid as an asset of the estate of the assured for the payment of debts and distribution, like any other personal property owned by him at the time of his death; and the father claimed that it passed to him in the first instance, as the next of kin of the assured and free from the latter's debts.   The Chancellor sustained the contention of the administrator, and the Court of Chancery Appeals rightly affirmed the Chancellor's decree.

The assured, while living, might have disposed of the policy in any lawful manner; but, having failed to do so, it, upon his death, became a part of his estate, subject, like other personalty, to the payment of his debts.   There is no law in this State exempting insurance effected by an unmarried man, on his own life and for his own benefit, from liability for his debts; and there is nothing in the nature of

the contract to create an exemption. In the absence of an exemption law, such insurance, when matured, must stand upon the same footing, and be governed by the same general rules, as other nonexempt personalty of the decedent. Insurance effected by a "husband" on his own life inures to the benefit of his "widow and next of kin" (Code, § 2294; M. & V., § 3135; Shannon, § 4030), or of his "widow and children" (Code, § 2478; M. & V., § 3335; Shannon, § 4231), free from the claims of his creditors; and that, too, notwithstanding the assured may have obtained the policy before his marriage, and made it payable to himself or his legal representatives. *Rose* v. *Wortham*, 95 Tenn., 505. No reasonable construction, however liberal, would extend the exemption provided by these statutes for a husband's insurance to a policy like that now before the Court. If there should be a surplus of the present fund, after payment of the debts of the assured, it must be held to have passed to his father, as next of kin and sole distributee, under the general laws of distribution. Code, § 2429; (M. & V.), § 3278; (Shannon), § 4172, Subsec. 4; *Gardenhire* v. *Hinds*, 1 Head, 410; *Bragg* v. *French*, 5 Sneed, 247; *Deadrick* v. *Armour*, 10 Hum., 598. The father having died intestate since the death of the assured, the administrator of the father is entitled to this surplus, if any, for the payment of his debts and distribution along with his other personal estate.

It should be stated, before concluding, that the

mother and brothers and sister of the assured also claimed the proceeds of this policy. They contended, first, that it passed directly to them, in equal parts, upon the death of the assured; and, secondly, that if that was not true, it passed to them upon the death of the father. These contentions are answered by what has already been said, viz.: (1) that the insurance fund became an asset of the assured for the payment of his debts, and (2) that the surplus thereof, if any, passed to the father, as next of kin, and became an asset of his estate, subject to his debts. Mother and brothers and sisters of an unmarried intestate take personalty as next of kin only in case the father died before the child. Code, § 2429; (M. & V.), § 3278; (Shannon), § 4172, Subsec. 5.

Affirmed.