G. WORTHAM AGEE *et al. v.* D. D. SAUNDERS, *Executor.*

[(*Jackson.* April Term, 1913.)

1. **ADMINISTRATION.** "Assets" are defined as those subject to payment of debts; and year's support must be set apart out of personal assets liable for debts.

The term "assets," as applied to the administration of the estate of a decedent means, in its largest sense, property subject to the payment of the debts of the decedent, and includes all the decedent's property, except such as is specially exempt by law from liability for his debts. It is divided into personal, real, and equitable assets. Personal assets are those which go to the administrator for the payment of debts; and it is out of this class of property that the year's support must be set apart. Real assets consist of land, which must be subjected by special proceedings. Equitable assets may be either real or personal, but require the aid of a court of equity for their subjection, owing to their nature, usually based on some provision in a will. (*Post, pp.* 681-684.)

Code cited and construed: Secs. 3985, 4020 (S.); secs. 3090, 3125 (M. & V.); secs. 2252, 2285 (T. & S. and 1858).

2. **SAME.** Year's support cannot be set apart out of proceeds of insurance policy on husband's life, payable to his estate, because exempt to widow and children.

The year's support for the widow and her family must be set apart out of personal assets liable to the payment of the debts of the decedent, and cannot be set apart out of the exemptions; and, therefore, cannot be set apart out of the proceeds of a policy of insurance on the husband's life, payable to his estate, because such fund inures to the benefit of his widow and children, and is exempt from the payment of his debts. While the year's support is itself an exemption, it cannot invade the other two classes of exemptions, namely, (1) the exemption of specific articles of personalty to the husband as the head of the family

Agee v. Saunders.

that vest, on his death, in his widow and children, and (2) the proceeds of insurance policies on the husband's life. (*Post*, pp. 684, 685.)

Code cited and construed:   Secs. 4020, 4023, 4030, 4231 (S.); secs. 3125, 3128, 3135, 3335 (M. & V.); secs. 2285, 2288, 2289, 2294, 2478 (T. & S. and 1858).

FROM SHELBY.

Appeal from the Chancery Court of Shelby County (Part I).—F. H. HEISKELL, Chancellor.

FITZHUGH & BIGGS and THOS. A. EVANS, for Agee.

L. B. MCFARLAND, for Saunders.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

George W. Agee died intestate, on October 9, 1908, in Memphis, Tenn., leaving the complainants as his only children, and Mrs. Kate Saunders Agee as his widow. She qualified as his administratrix, and has since died, and the defendant, D. D. Saunders, has qualified as her executor.   Mrs. Kate Saunders Agee, as the widow of George W. Agee, applied to the probate court of Shelby county for the appointment of commissioners to set apart to her a year's support under the statute applicable to that subject.   The deceased left no property, except two insurance policies, one of which was payable to the widow, and therefore belonged to her, and the other payable to his estate.   The commissioners set apart

to the widow for her year's support $3,000 out of the policy which was made payable to the estate. At the date of the death of the intestate there was due on this policy $5,749, which was paid to the administratrix, and out of this she appropriated the $3,000 set apart to her by the commissioners as aforesaid. The residue was divided equally between the two children and herself as distributees; the former reserving the right to sue for and recover their one-third portion of the amount which she had retained for her year's support.

The foregoing is the substance of an agreed case submitted to the chancellor. He decreed in favor of the defendant, and the complainants appealed to this court.

The question submitted is whether the insurance policy was properly applied to the payment of the year's support. We are of the opinion that it could not be so used, and that the chancellor's decree was erroneous, and should be reversed, for the following reasons:

Our statute upon the subject of the year's support reads:

"Upon the application of the widow of an intestate, or of a widow who dissents from her husband's will, the county court shall appoint three freeholders, unconnected with her either by consanguinity or affinity, who, being first duly sworn to act impartially, shall set apart so much of the crop, stock, provisions, moneys on hand or due, or other assets, as may be necessary for the support of such widow and her family until the expiration of one year after the decease of her husband." Shannon's Code, sec. 4020.

The statute upon the subject of life insurance reads:

"A life insurance effected by a husband on his own life shall inure to the benefit of the widow and next of kin, to be distributed as personal property, free from the claims of his creditors." Shan. Code, sec. 4030.

There is another section to the same purport, which reads as follows:

"Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the law of distributions, without being in any manner subject to the debts of the husband, whether by attachment, execution, or otherwise." Shan. Code, sec. 4231.

An insurance policy so left is, according to these sections, exempt property. Such property is not assets. The term "assets" is defined in our Code by exclusion as follows: Every debtor's property, except such as may be specially exempt by law, is assets for the satisfaction of all his just debts." Shan. Code, 3985. The term "assets," therefore, under our law of administration, means, in its largest sense, property subject to the payment of the debts of the decedent. It is divided into personal assets and real assets. There is another division also, known as equitable assets. Personal assets are those which go into the hand of the administrator for the payment of debts, and this is the class referred to in section 4020. Real assets consist of land, which must be subjected by special proceeding. Equitable assets may be either real or personal, but require the

aid of a court of equity for their subjection, owing to their nature, usually based on some provision in a will.

It is perceived that under section 4020 the year's support must be taken out of "the crops, stock, provisions, moneys on hand or due, or other assets."

Since an exempt insurance policy is not assets, it does not fall within the terms of the statute.

This reasoning is not impaired by the fact that an administrator, after the debts are paid, must pay to the distributees any of the assets left in his hands, and that the duty also devolves upon him to collect an insurance policy payable as the one involved in the present case, and that he must distribute the amount collected between the widow and children as distributees of the estate. Both funds are subject to distribution, but both are not assets. One falls under the designation of assets left over after the payment of debts; the other, under the heading of exempt property, which is not subject to debts. The latter must be distributed as soon as collected, without regard to debts. The year's support must be taken out of the assets, not out of the exempt property.

The subject is further illustrated by section 4023 of Shannon's Code, which is as follows: "The property exempt by law from execution shall, on the death of the husband, be exempt from execution in the hands of, and be vested in, the widow, without regard to the size or solvency of the estate of the deceased, for herself and in trust for the benefit of the children of the deceased, or of the widow, or of both, and shall not go to the exec-

Agee v. Saunders.

utor or administrator; and, in case there be no widow, and the estate be either solvent or insolvent, such property shall be exempt for the benefit of the minor children under fifteen." This refers to certain articles of personal property specified in our statutes for the benefit of heads of families. No reason appears why property of this class might not be invaded for the purpose of setting aside the year's support equally as well as an exempt insurance fund. The effect of holding that either class of exemptions could be so used would be to reduce exemptions to two classes, while our statutes provide for three, viz., the year's support, the items of exempt personal property, and the insurance fund. If such construction were permitted, it would always be insisted by creditors that the year's support should be taken out of one or the other of the two latter classes of exemptions, thereby causing two to coalesce and thus serve the creditors at the expense of the widow and children—a kind of marshaling in favor of creditors against the beneficiaries under our exemption statutes, thereby defeating the letter as well as the spirit of the statute. This would not be permitted in a court of equity, if that court could obtain control of the property in any particular case; but in most instances the matter would rest wholly within the jurisdiction of the probate court, where under the operation of the rule insisted on, there would necessarily occur daily evasions of the exemption laws.

A decree will be entered in accordance with this opinion. The defendant will pay the costs of the cause.