NASHVILLE TOBACCO WORKS *v.* CITY OF NASHVILLE *et al.*

(*Nashville.* December Term, 1923.)

1. **COMMERCE:** Tobacco produced in sister State exempt from taxation in hands of producer's immediate vendee in State.

~ As the State cannot discriminate unfavorably in its taxing laws against the products of another State, tobacco produced in Kentucky is exempt from taxation in the hands of the producer's immediate vendee in Tennessee, under Constitution article 2, section 28, and Acts 1907, chapter 602, section 2. (*Post, p.* 555.)

Acts cited and construed: Acts 1907, ch. 602, sec. 2, 22;

Case cited and approved: Darnell v. Memphis, 208 U. S., 115.

Constitution cited and construed: Art. 2, secs. 28, 30.

2. **TAXATION.** Tobacco purchased by domestic corporation from foreign corporation, purchasing from producers in third State, held not exempt as "product of soil in hands of producer's immediate vendee."

A Tennessee corporation, purchasing tobacco produced in Kentucky from a New Jersey corporation, of which it is a subsidiary, at a price sufficient to cover the seller's cost of buying from the producers, rehandling, and shipping, *held* not exempt from taxation thereon under Constitution article, 2, section 28, and Acts 1907, chapter 602, section 2, subsec. 5, as products of the soil in the hands of the producer's immediate vendee. (*Post, pp.* 556, 557.)

3. **TAXATION.** Leaf tobacco in bulk, hogsheads, or sheds after passing from hands of producer or immediate vendee not exempt from taxation; "article manufactured from product of the soil."

Tobacco, like wheat, is exempt from taxation in the hands of the producer and his immediate vendee under Constitution, article 2, section 28, and, when converted into chewing or smoking tobacco or snuff, is exempt, like flour, under section 30, as an "article manu-

Nashville Tobacco Works v. City of Nashville.

factured from the product of the soil," but leaf tobacco in bulk or hogshead or hanging in sheds awaiting manufacture, like wheat stored in bins or elevators, after passing from the hands of the producer or his immediate vendee, is not exempt under either section.   (*Post, pp.* 557, 558.)

Cases cited and approved:   Benedict v. Davidson County, 110 Tenn., 187;   American Tobacco Co. v. City of Bowling Green, 181 Ky., 416.

4. TAXATION.   Ingredients for use in manufacture of tobacco held not exempt from taxation, as "products of soil in hands of immediate vendee" or "articles manufactured from product of the soil."

Alcohol, rum, licorice, etc., purchased through the channels of commerce for use in the manufacture of tobacco, *held* not exempt from taxation under Constitution, article 2, sections 28, 30, and Acts 1907, chapter 602, section 2, subsec. 5, as products of the soil in the hands of the producer's immediate vendee or articles manufactured therefrom, while stored awaiting their intended use. (*Post, p.* 558.)

5. TAXATION.   Burden on taxpayer to prove exemption.

Taxation being the rule and exemption the exception, it was incumbent on a tobacco manufacturing company claiming exemption of leaf tobacco and ingredients used in the manufacture of tobacco under Constitution, article 2, sections 28, 30, and Acts 1907, chapter 602, section 2, subsec. 5, to affirmatively show such exemption. (*Post, pp.* 558-560.)

Cases cited and approved:   Neuhoff Packing Co. v. Sharpe, 146 Tenn., 293.

---

FROM DAVIDSON.

---

Error to the Chancery Court of Davidson County.— HON. JAS. B. NEWMAN, Chancellor.

---

---

DAN E. MCGUGIN, JNO. M. CATE and JOHN H. DEWITT, for Tobacco Works.

J. WASHINGTON MOORE, J. CARLTON LOSER and NORMAN R. MINICK, for defendants in error.

MR. JUCTICE COOK delivered the opinion of the Court.

This case involves the validity of an assessment by the city of Nashville of *ad valorem* taxes against the Nashville Tobacco Works, a domestic corporation engaged in the manufacture of tobacco within the city limits. Complainant submitted its schedule for assessment as of January 10, 1920, which showed paid-up capital $120,000 surplus and undivided profits $253,041.58, making a book value of $373,041.58.

By section 22, chapter 602, Acts of 1907, each manufacturing corporation is required to pay *ad valorem* taxes upon the actual cash value of its capital, less the value of the real estate directly assessed and all tax exempt property. Observing the requirements of the act, the city assessor determined the actual cash value of the corporate capital to be $331,410, $41,631 less than book value, and deducted the assessed value of the real estate $26,750, $1,000 exemption allowed to all taxpayers, the value of United States bonds and revenue stamps $3,757, and the value of manufactured articles on hand, $63,989, making a total deduction of $95,496, from the value of the corporate capital, leaving $235,000 as the assessed value of the corporate capital subject to *ad valorem* taxes. The company protested the assessment claiming a deduction of $303,978.45 for leaf tobacco on hand, all of which it in-

sists is exempt from taxation under the provisions of the constitution hereinafter mentioned.

The tax assessor and board of equalization refused to allow the additional exemption claimed, whereupon the complainant refused to pay the tax assessed against it, and filed the bill to enjoin collection by the city. The claim to the additional exemption is urged upon the ground that the tobacco on hand is exempt from taxation under our Constitution and statutes.

Article 2, section 28, of the constitution provides that the legislature may exempt from taxation "the direct product of the soil in the hands of the producer, and his immediate vendee." Article 2, section 30, of the constitution provides that "no article manufactured of the produce of this State, shall be taxed otherwise than to pay inspection fees."

Chapter 602, Acts of 1907, section 2, subsec. 5, embodying the foregoing sections, provides that "the direct product of the soil of this state, in the hands of the producer or his immediate vendee and manufactured articles from the produce of this state in the hands of the manufacturer," shall be exempt from taxation.

Upon a review of the assessment, the chancellor found that complainant held 84,820 pounds of leaf tobacco as the immediate vendee of the producer, but that the remainder was subject to taxation. Assignments of error present the inquiry of whether or not the complainant is entitled to additional exemptions for tobacco in its possession at the date of assessment by the city tax assessor.

Sections 28 and 30 of article 2 of the constitution and chapter 602, section 1, subsec. 2, Acts of 1907, contemplate

two classes of commodities as exempt from taxes: (1) The direct product of the soil in the hands of the producer or his immediate vendee; and (2) articles manufactured of the produce of this state. After the product of the soil has passed from the hands of the producer or his immediate vendee, it is not exempt from taxation under section 28, supra. Before the conversion into an article of manufacture or until the artisan actually begins the process of manufacture, neither the product of the soil nor the produce of this State are exempt from taxation under article 30, supra.

If the tobacco was in complainant's possession as the immediate vendee of producers in the states of Tennessee and Kentucky, that portion produced in Tennessee would be exempt under article 2, section 28, of the constitution and chapter 602, section 2, Acts of 1907, and the federal constitution would forbid taxation of the other portion which passed in the channels of interstate commerce from the Kentucky producer to complainants in Tennessee. No State can discriminate unfavorably in its taxing laws against the produce of another State. Where articles man· ufactured from the produce of this State are exempt from taxation under our taxing statutes, such articles from another state would likewise be exempt, for the state cannot, in its taxing statutes, discriminate against the products of another state in favor of the products of its own citizens. Such discrimination is forbidden by the commerce and equal rights clause of the federal constitution. *Darnell* v. *Memphis,* 208 U. S., 115, 28 Sup. Ct., 247, 52 L. Ed. 413.

On January 10, 1920, complainant had on hand 1,297,964 pounds of leaf tobacco valued at $302,978.45 in hogsheads, stored in the Price-Bass warehouse and in the factory. All of this tobacco, except 84,820 pounds, was acquired from the American Tobacco Company, and was held "awaiting to be converted into manufactured products" as shown by the testimony of Mr. Le Sueur, manager of the complainant company.

The books of the company show the quantity of tobacco carried on "Leaf Department account" 1,239,695 pounds, value $287,608.93, and "Leaf account in factory," value $16,369.52. While the record is not clear, it may be inferred that the tobacco under the account of the leaf department is that stored in the Price-Bass warehouse. It appears that the quantity on hand was not sufficient to meet the requirements of the tobacco works for a year's activity; this company used 2,150,811 pounds in the year 1920. But all the tobacco on hand on the assessment date was leaf tobacco in hogsheads stored in the warehouse and storage rooms of the company, and, so far as can be determined from the proof, none of it was in process of manufacture.

The Nashville Tobacco Works is a Tennessee corporation located at Nashville, which is controlled by the American Tobacco Company, a New Jersey corporation. The latter company buys tobacco from producers and distributes it to its subsidiary companies, and it is insisted by complainants that it procured this tobacco through the American Tobacco Company as its buying agent, and holds it as the immediate vendee of producers in Kentucky and Tennessee.

Nashville Tobacco Works v. City of Nashville.

The Nashville Tobacco Works made no order, and gave no directions to the American Tobacco Company to buy this tobacco. It had no control over the buying, did not determine the quantity of tobacco to be brought for its uses; that was done by the American Tobacco Company according to its own will and upon the basis of the previous year's experience. The American Tobacco Company buys the tobacco from the producer, rehandles, classifies, redrys, and puts it in hogsheads, and allots the tobacco thus bought and handled to its subsidiaries.

As stated, the Nashville Tobacco Works does not give orders to the American Tobacco Company as its agent; the American Tobacco Company buys the tobacco through its agents at the several market towns and resells it to its subsidiaries, at a price sufficient to cover the cost of buying, rehandling, and shipping. It sends such quantity to the complainant each year as the previous year's experience justifies, and at a price which is paid by the Nashville Tobacco Works. The record of leaf tobacco purchased shown by Exhibit A to J. P. Le Sueur's testimony shows that all the tobacco except 84,820 pounds, was bought from the American Tobacco Company. So that it is not exempt from taxation as products of the soil in the hands of the Nashville Tobacco Works as the immediate vendee of the producer. It was first sold by the producer to the American Tobacco Company, and sold by it to the Nashville Tobacco Works.

Tobacco like wheat is exempt from taxation in the hands of the producer and the immediate vendee of the producer under section 28, supra. Converted into chewing tobacco, smoking tobacco, or snuff, the converted leaf, like wheat

ground into flour, is exempt from taxation under section 30, supra. But wheat stored in bins or elevators and leaf tobacco in bulk or in hogsheads or hanging in sheds, after it has passed from the hands of the producer or his immediate vendee, is not exempt under either of the foregoing sections. *Benedict* v. *Davidson County,* 110 Tenn., 187, 67 S. W., 806.

The leaf tobacco described by the manager of the Nashville Tobacco Works as stored awaiting manufacture had not become an article manufactured from the produce of the State so as to be exempt under section 30 of article 2. *American Tobacco Co.* v. *City of Bowling Green,* 181 Ky., 416, 205 S. W., 570-573.

The complainant claims further exemption from taxation of $5,553.04, being the value of alcohol, rum, licorice, salt, sugar, and other ingredients on hand intended for use in the manufacture of tobacco. These ingredients were purchased by the complainant through the channels of commerce. They are not the product of the soil in the hands of the immediate vendee of the producer, nor are they articles manufactured by the complainant. These various articles were either gathered, mined, distilled, or prepared by others, and sold upon the market intended for a variety of uses. Complainant bought them for use in the preparation of tobacco, but the preparation or act of manufacturing had not actually commenced by the use of such articles, and, while they were stored awaiting the use intended, they would not be exempt.

The city owed no duty of showing that any of the commodities claimed by complainant as exempt from taxation are the subject of taxation. There must be an affirm-

ative showing by the taxpayer of his right to the exemption, because taxation is the rule, and exemption from taxation is the exception. It was incumbent upon complainant, in order to obtain the exemption of the tobacco and the ingredients above referred to from taxation, to affirmatively show that it was exempt under the law. It does not appear from the proof that such property falls within either of the two classes exempt under sections 28 and 30 of article 2 of the constitution.

In view of the unambiguous meaning of sections 28 and 30, supra, and subsection 5, section 2, chapter 602, Acts of 1907, we are unable to give assent to the insistence of counsel that the exemption of such articles should be extended beyond the provisions of the act, so as to apply to commodities or products, not otherwise exempt, held in storage awaiting use for manufacturing purposes.

Section 28 of article 2 of the constitution contemplates products of the soil as the thing produced and sold after the planting, cultivation, and harvesting, and leaf tobacco as the result of husbandry remains a product of the soil within the meaning of this provision until it has been taken by the artisan and converted into plug tobacco, twist tobacco, or smoking tobacco, or snuff. The leaf in the hands of the immediate vendee of the producer is exempt under this section.

Section 30 contemplates things produced by nature and then converted by a process of manufacture into articles of merchandise and use. Until the process of conversion actually begins, the product of the soil is not exempt (although it might be exempt as the product of the soil in the hands of the immediate vendee of the producer)

as an article of manufacture under article 2, section 30. *Benedict* v. *Davidson County,* supra. *Neuhoff Packing Co.* v. *Sharpe,* 146 Tenn., 203 S. W., 1101.

It is not complained that the city tax assessor's valuation was excessive, nor is it contended that the deduction, in so far as it went, was erroneous, but that the company is entitled to additional deductions for $303,978.45, in value of leaf tobacco on hand.

The chancellor allowed an additional exemption of $24,877.33 for 84,820 pounds of leaf tobacco purchased and held by complainant as the immediate vendee of the producer. No additional exemption could be allowed under the facts presented, and his decree must be affirmed.