Sparkman-Thompson, Inc., *et al.*, Complainants, Appellants, *v.* Pearl H. Chandler, Executrix and Individually, Defendant, Appellee.

(*Jackson*, April Term, 1931.)

Opinion filed June 11, 1931.

Watt H. Moore and H. Carmack Murchison, for complainants, appellants.

Pigford & Key, for defendant, appellee.

Mr. Justice Swiggart delivered the opinion of the Court.

By original bill in equity, creditors of the estate of W. C. Pipkin, deceased, seek to reach in satisfaction of their debts the proceeds of life insurance effected by the deceased on his own life, and payable to his estate. Except for this fund the estate is wholly insolvent, and the creditors are without other recourse.

The suit is resisted by Pearl H. Chandler, a niece of the deceased, as executrix of his will, and individually as legatee of the fund in dispute. The will provides:

"To my niece, Pearl H. Chandler, I give, devise and bequeath a policy of life insurance issued on my life by Massachusetts Mutual Life Insurance Company, which policy is or will be made payable to my estate, for the

sum of $4000 and which original policy is dated March 7, 1916. I give to her said policy because of the many kindnesses which she has rendered me from time to time.''

The insured was survived by a widow and three children. It was stated at the bar by counsel that the widow and children make no claim to the insurance.

The appeal presents the single question whether the proceeds of life insurance payable to the estate of the insured, and disposed of by his will to a person other than widow, child, or dependent relative, are liable to the satisfaction of the debts of the estate, in preference to the claim of such legatee.

The reported opinions of this court do not include a case in which the rights of creditors, occupying the status of complainants here, were adjudicated.

It is, however, contended for the legatee that the effect of statutes and previous decisions is to exclude such insurance entirely from the class of assets liable to the debts of the estate, except where the will itself ''by apt words'' creates such liability.

We quote sections 4030 and 4231 of Shannon's Code (all editions):

4030. ''A life insurance effected by a husband on his own life shall inure to the benefit of the widow and next of kin, to be distributed as personal property, free from the claims of his creditors.''

4231. ''Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the law of distributions, without being in any manner subject to the debts of the husband, whether by attachment, execution, or otherwise.''

618

These sections were originally enacted by Acts 1845-1846, chapter 216, and were carried into the official Code of 1858 as sections 2294 and 2478. Other statutory provisions to the same effect being Shannon's Code, sections 2265, 4232, and Acts 1925, chapter 113. An exemption in favor of "dependent relatives" of the insured was added by the latter statute, but it is stipulated that the legatee herein is not a "dependent relative."

Prior to the creation of this statutory exemption, the proceeds of life insurance payable to the estate of the insured, and disposed of by his will, were a part of the assets of the estate and liable for its debts. "Every debtor's property, except such as may be specially exempt by law, is assets for the satisfaction of all his just debts." Shannon's Code (all editions), sec. 3985; Code of 1858, sec. 2252; *Rison* v. *Wilkerson*, 35 Tenn. (3 Sneed), 564, 569; *State* v. *Anderson*, 84 Tenn., 321, 338.

As an original proposition, it seems to us that it would be a perversion of the statutory intent, clearly expressed, to construe the statutes cited as exempting this class of property from the claims of creditors, in favor of all persons who may have an interest therein by virtue of the will of the insured, when the statutes expressly limit the exemption to the widow, children, and dependent relatives. "In the exposition of a statute the intention of the lawmaker will prevail over the literal sense of the terms, and its reasons and intention will prevail over the strict letter." *Rose* v. *Wortham*, 95 Tenn., 504, 509, quoting from KENT. Nor do we believe any of the previous decisions of this court have so extended the statutory exemption.

The original exemption statute of 1846 was construed in 1856, in *Rison* v. *Wilkerson, supra.* It was there held that before the statute, life insurance con-

stituted assets of the estate, subject to the payment of debts, with preference to creditors over the family of the insured. The purpose and limited effect of the statute were stated as follows:

"We think that nothing more is intended by the act, and that no other operation can be given to it, than to prevent a fund of this kind from passing into the hands of the administrator with the other effects of the insured, in favor of the widow and children, or, in other words, to prefer them to creditors to that extent. But it can only apply where the claim remains undisposed of by the deceased. His power over it during his life is not at all affected by the act, but continues as ample and unrestricted as before."

*Williams* v. *Carson,* 68 Tenn., 516, decided in 1876, expressly approved the conclusion of the earlier case "that the act only intended, and had no other object than to prevent the fund from going into the hands of the administrator, preferring the widow and children to creditors." The court therein said further: "They (the two code sections above quoted) were but intended to exclude creditors from reaching or appropriating the proceeds of such policies, and to provide for distribution between wife and children, but do not purport to nor intend in any way to interfere with the disposition of these policies by the husband in his lifetime, in any way he could change any other property."

In these cases the court was dealing only with the proceeds of insurance which could, under the terms of the statute, inure to the benefit of wife or child of the insured; and as to such insurance it was held that the statute did not interfere with the right theretofore possessed by the insured to make a contrary disposition by assignment or by will. But in the first of the two cases, *Rison*

v. *Wilkerson,* it was expressly recognized by the court that this right of disposition by will was subject to the claims of creditors, prior to the statute of 1845-1846.

It is customarily said of property owned absolutely that the owner has the unlimited right of disposition, but it is always implied in such statements that property so owned may not be bequeathed or devised, by way of gift, so as to defeat the payment of just debts of the testator. And it was clearly in this sense that general statements as to the right of the insured to dispose of his life insurance were made in the two cases cited and chiefly relied upon by the appellee.

*Rose* v. *Wortham,* 95 Tenn., 504; *Cooper* v. *Wright,* 110 Tenn., 214; *Union Trust Company* v. *Cox,* 108 Tenn., 316; and *American Trust Co.* v. *Sperry,* 157 Tenn., 143, were cases in which creditors contended for the proceeds of life insurance as against the claims of widow or child, members of the class preferred by the statute. Pursuing a policy of liberal construction in behalf of the favored class, it was held that life insurance would not be held to have been diverted from family to creditors by the terms of the will of the insured, unless the intention to effect that result is manifested in the will by "apt terms." But the reason for this policy or rule of construction wholly fails when by no construction of the will can the favored class be made beneficiaries of the insurance.

In a contest between creditors of the insured and a legatee of his insurance, who is not within the favored class created by the statutes, the intention of the testator is immaterial. The creditors take contrary to his intent, unless the statute operates to defeat them. In the case at bar, the testator has by the use of apt words diverted the fund from the class favored by statute, for whom

the exemption was created, and having done so, he has rendered the statute wholly inapplicable.

In *Agee* v. *Saunders*, 127 Tenn., 680, 157 S. W., 64, the question for decision was whether the proceeds of life insurance, which inured to the benefit of widow and children under the statute, could be applied to the payment of the widow's year's support, under the statute directing that the year's support be taken from "the crops, stock, provisions, moneys on hand or due, or other assets." After quoting the two code sections above set out, the court said: "An insurance policy so left is, according to these sections, exempt property. Such property is not assets." This holding was expressly limited to "an insurance policy so left;" that is, one which goes to widow and children, as the context clearly shows. There is nothing in this case holding that the proceeds of life insurance in which the widow and children can have no interest are not assets of the estate, within the meaning of the Code (Shannon's), section 3985, subjecting all assets of an estate to the satisfaction of just debts except those "specially exempt by law."

*Chrisman* v. *Chrisman*, 141 Tenn., 424, 210 S. W., 783, must also be distinguished from the case at bar, and the language of the opinion limited to the particular question there considered. The case holds only that the proceeds of life insurance payable to the estate of the insured did not pass under a will devising all the property of the testator generally, with no specific reference to the insurance.

*White* v. *Bickford*, 146 Tenn., 608, expresses the conclusion of the court that the benefits of the Code sections cited are not to be limited to residents of the State, and likens them to the statutes of distribution. The case is in accord with the earlier cases which recognized that

the legislative purpose was to prefer widow, children, and next of kin to creditors. The court said: "The statute is not only for the benefit of the wife and child, but for the benefit of the husband and father in his efforts to make provision for his family. It is in the nature of a statute of distribution, which prefers the widow, children, or next of kin to creditors in the distribution of the assets, and it enables a father or husband in his lifetime to make special provisions for their protection independently of his property which may be exempt from sale or execution."

Consideration of Acts 1925, chapter 113, greatly strengthens the conclusion reached in the cause before us. The earlier statutes were restricted to insurance effected on the life of a "husband." They had no application to insurance on the life of an unmarried person, payable to his estate. *Wright* v. *Wright,* 100 Tenn., 313. The Act of 1925, quoted in full in *Lunsford* v. *Nashville Savings & Loan Corporation,* 162 Tenn., 179, 35 S. W. (2d), 395, exempts from the claims of creditors the life insurance "of any person heretofore or hereafter made for the benefit of, or assigned to, the wife or children, or dependent relatives of such persons." The legislative purpose is here repeated, to confine the exemption to insurance which may be enjoyed by wife, child, or dependent relative of the insured. When the contract of insurance has matured by the death of the insured, and the proceeds of the insurance have been assigned irrevocably by his will to a person other than wife, child, or dependent relative, the statute can have no application. In such a case, the insured has himself made his insurance available for the payment of his debts, as if he had exercised his power to expressly so direct in his will.

*Dawson* v. *National Life Insurance Company,* 156 Tenn., 306, 300 S. W., 567, and *Lunsford* v. *Nashville Savings & Loan Corporation, supra,* are in harmony with the cases hereinabove reviewed, and do not deal with the specific question here considered.

We conclude that there is nothing in the decisions construing the cited statutes which would in any degree support a holding that life insurance payable to the estate of the insured, and so disposed of by will as to prevent the application of the statutory exemption in favor of widow, child, or dependent relative, is nevertheless exempt from the just debts of the insured. Exclusion of the favored class by the will of the insured destroys the exemption, and the insurance becomes assets of the estate, from which creditors may not be excluded by a bequest to a person or persons not within the scope or purview of the statutory exemption.

The bequest will, of course, carry to the legatee any surplus of the insurance after the debts of the estate are satisfied.

The chancellor sustained appellee's demurrer to the complainants' bill. His decree will be reversed, and a decree entered here overruling the demurrer, and remanding the cause for further proceedings. Appellee will pay the costs of the appeal.