CROCKETT *v.* WEBB.

*(Nashville,* December Term, 1952.)

Opinion filed March 6, 1953.

Petition for Rehearing denied April 25, 1953.

E. J. WALSH and LOUIS FARRELL, JR., both of Nashville, for complainant.

JOHN M. BARKSDALE, O. B. HOFFSTETTER, JR., and JOHN F. KILLEBREW, all of Nashville, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a controversy over $42,350, representing the proceeds of life insurance on the life of Nathan A. Crockett, deceased, which policy was made payable to his estate. The insured died testate and his will has been duly probated in Davidson County, Tennessee. His widow, complainant Susan L. Crockett, dissented from the will and the Chancellor held that under Code Section 8360, the widow was entitled to one-third of the personal estate and that the testator, having bequeathed this insurance to certain trustees, this insurance fund became a part of his general estate and that the widow under said section of the Code was entitled to one-third of the insurance proceeds. On appeal in error to the Court of Appeals, that Court reversed the decree of the Chancellor and held that the testator had not by ''apt words'' disposed of this insurance by will and that therefore, he died intestate as to said insurance and that under Section 8456 of the Code, the widow was entitled to the entire proceeds of this life insurance. Certiorari has been granted and the case fully argued at the bar of this Court, so the only question presented is whether the widow, Mrs. Susan Crockett, is entitled to the entire proceeds of this insurance or whether she is entitled to only one-third of such proceeds.

The will of Mr. Crockett with reference to this life insurance provides as follows:

''Fifth: I hereby give, devise and bequeath all of the rest and residue of my estate, real, personal and

mixed, including all life insurance payable to or collectible by my estate, in trust to Edward C. Webb, K. H. Dodson, S. M. Fleming, Thurman Smith and J. O. Carter, Jr., as Trustees, and their successors in trust, to be held in trust upon the following uses, conditions and trusts:

"1. The purposes of this trust are:

"(a) To provide for the comfort, maintenance and support of my wife, Susan Lightfoot Crockett, through her entire life of widowhood;

"(b) To provide an annuity for my sister, Mrs. Cora C. Webb, during her lifetime;

"(c) To provide funds for the suitable maintenance and support of J. Walker Flournoy; and

"(d) To create and establish a permanent trust as a memorial to my first wife, Mary Lou Flournoy Crockett, to be known as the Mary Lou Crockett Endowment Fund."

It is the complainant's contention that having dissented from the will, her interests are not controlled by the terms of the will and that under Section 8456 of the Code, she is entitled to the entire proceeds. This section provides as follows:

"Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband."

It might be stated here that the deceased and his surviving widow had no children, nor did the deceased have any children by his first wife.

Now, Section 8360 of the Code provides as follows:

"When a husband shall die, leaving a will from which the widow dissents, within the time and in the manner provided by law, and leaving no child, or not more than two, his widow shall be entitled to one-third part of the personal estate, in addition to her dower in the real estate. But if the husband leave more than two children, the widow shall share equally with all the children, she being entitled to a child's part."

In the case of *Sparkman-Thompson, Inc.* v. *Chandler*, 162 Tenn. 614, 39 S. W. (2d) 741, 743, this Court said:

"When the contract of insurance has matured by the death of the insured, and the proceeds of the insurance have been assigned irrevocably by his will to a person other than wife, child, or dependent relative, the statute can have no application."

And again in this case it is said:

"Exclusion of the favored class by the will of the insured destroys the exemption, and the insurance becomes assets of the estate  *  *  *."

In the case of *American Trust & Banking Co.* v. *Twinam*, 187 Tenn. 570, 216 S. W. (2d) 314, 317, it is said:

"It must be borne in mind that Section 8456 exempting life insurance effected by a husband on his own life to the widow and children, and directing its distribution, is unlike the general exemption law, in that under Section 8456 the husband is the owner of the insurance made payable to himself or to his executor or administrator and has the right to dispose of the same in his lifetime or by his last will, while with respect to exempt property under the general exemption laws the testamentary power has been limited in this state in regard thereto, and although the husband's will purports to dispose of

property exempt from execution during his lifetime, it has been held said exempt property does not belong to the estate of the deceased husband and as such cannot pass under his will as against the right of his widow.''

In *Adams* v. *Garraway,* 179 Tenn. 93, 162 S. W. (2d) 1086, 1087 it was said:

''(1) In *Rose* v. *Wortham,* 95 Tenn. 505, 511, 32 S.W. 458, 459, 30 L. R. A., 609, it was said:

'' 'It was intended by the statutes to provide a fund for the widow and children and next of kin, which, upon the assured's death, should go to them free from the claims of creditors; and, like other exemption laws, they have been liberally construed to carry out the general purpose.'

''(2, 3) The insured may direct in the policy, or by assignment, or by his will or in some other mode, that other persons than his widow and children, or next of kin, shall be the benefactors thereunder. *Harvey, Adm'r* v. *Harrison,* 89 Tenn. 470, 14 S. W. 1083. But in order to do so, he must use apt words for that purpose and the use of general terms is not sufficient. *Cooper* v. *Wright,* 110 Tenn. 214, 75 S. W. 1049. As said in *American Trust Co.* v. *Sperry,* 157 Tenn. 43, 5 S. W. (2d), 957, 959, 'No such intention may be inferred from general expressions or provisions. Such a purpose ''must be explicitly declared.'' ' And, 'Apt words must be used indicating, not an intention only to equalize the funds among this preferred class, his wife and children, but an intention to apply the funds to debts and expenses of his estate.'

'' In *Chrisman* v. *Chrisman,* 141 Tenn. 424, 430, 210 S. W. 783, 785, it was said:

" 'In diverting the course of such funds, the statute provides that the same shall be divided between the widow and children according to the law of distributions, and while it is wholly within the power of the husband to prevent the application of the statute, such an intention will not be presumed, but must appear from unmistakable terms—such is the substance of our holdings where claims of creditors are involved, * * *. The testator is presumed to have known the effect of statutory provisions, relative to the disposition of his insurance, and, in the absence of his expressed intent to the contrary, the statute is effective.' "

In *Cooper* v. *Wright*, supra, the testator merely directed the prompt payment of all his debts but failed in any manner to refer to any policy of insurance on his life and the Court there held that apt words were not used and that therefore the widow was entitled to the proceeds of the insurance that had been made payable to the estate under said Section 8456 of the Code.

Most of our cases on this subject have been ones in which creditors were involved. However, in *American Trust & Banking Co.* v. *Twinam*, supra, a marriage settlement contract was involved. Now in the instant case, we think that it was the clear intent of the testator under the fifth item of his will to convey this insurance to the trustees above named. In said item the testator stated "* * * including all life insurance payable to or collectible by my estate." We think these are "apt words" bequeathing said insurance to said trustees.

It results therefore that the decree of the Court of Appeals is reversed and that of the Chancellor affirmed.

TOMLINSON, Justice, not participating.