AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHATTANOOGA, et al., Executors,

*v.*

ALFRED T. MACFARLAND, Commissioner.

352 S. W. 2d 441.

(*Nashville,* December Term, 1961.)

Opinion filed December 8, 1961.

TABER, CHAMBLISS & STOPHEL, Chattanooga, for appellant.

GEORGE F. MCCANLESS, Attorney General, MILTON P. RICE, DAVID M. PACK, Assistant Attorneys General, for appellee.

Mr. Justice Felts delivered the opinion of the Court.

The question is whether the proceeds of policies of insurance on the life of the testator in this case are exempt from taxation under the Tennessee Inheritance Tax Law (T.C.A. secs. 30-1601 to 30-1637).

The testator had policies of insurance on his life, payable to his estate or executors, totaling $26,384.99. By his will he commingled the proceeds of the policies with the rest of his estate, made them subject to claims against the estate, and devised and bequeathed the residuum to trustees under two trusts for Class A beneficiaries—his wife, son, and grandson.

His will directed that his executors pay all his just debts, the expenses of administration of his estate, and "all estate, inheritance, legacy and succession taxes * * * levied by reason of my death (including such taxes on proceeds of insurance on my life)"; and that

"Said taxes shall be charged against the property apportioned to *Trust No. 2* created under the provisions of Item V hereinafter. However, if the assets of *Trust No. 2* shall be insufficient to pay all said taxes, the deficiency shall be charged to *Trust No. 1.*"

He also directed that his will should not be construed to affect his partnership in which he and others were engaged in the insurance business under the name of Sloan & Irvine Insurance Agency; and that this partnership agreement "be fully complied with by my executors and/or trustees."

After making certain specific bequests of such items of personalty as his automobile and personal effects to his wife, his son, and his grandson, he devised and be-

queathed all the rest of his estate, including the proceeds of the insurance on his life, by Item V of his will as follows:

## *"Item V*

(a) All the rest and residue of my estate, of every kind and character, whether the same be real, personal or mixed, and wherever situate, including proceeds of insurance on my life payable to my estate, shall be divided into two portions. One of said portions shall be and constitute a trust estate for convenience herein designated as *Trust No. 1;* the other of said portions shall be and constitute a trust estate for convenience herein designated as *Trust No. 2."*

He named his executors (the Bank and his son) also as trustees, and devised and bequeathed the residuum to them in trust for his wife, son, and grandson. He set up a formula by which the executors-trustees were to fix the amount to be put into each trust, but gave them full discretion and authority to mingle and convert the assets and "to keep the corpus of the trust estate *in solido* for convenience of investment and handling \* \* \*."

The executors filed with defendant Commissioner an inheritance tax return showing the gross estate to be of a value of $102,274.32, including $26,384.99 as the proceeds of the insurance policies. They deducted $26,384.99 claimed to be exempt as such proceeds, and paid tax on the balance of the net taxable estate.

Defendant disallowed this claim of exemption of $26,-384.99 as proceeds of the policies of insurance, and assessed the tax thereon. Complainants paid this additional tax, under protest, and brought this suit to recover

the amount so paid, with interest. The Chancellor disallowed their claim of exemption and denied them any recovery; they appealed to this Court.

The question for decision turns upon the proper construction of our Inheritance Tax Statute (T.C.A. secs. 30-1601 to 30-1637) and of the scope of its exemption of the proceeds of policies of insurance (Id. 30-1604). It does not appear that we have any reported case involving a state of facts similar to those of this case.

■ Our inheritance or succession tax is a tax upon the privilege of receiving property by transfer, and the statute imposes a tax upon transfers of various kinds of property, in trust or otherwise, whether by will or under our statutes of descent and distribution (30-1602 (a) (b) ), including transfers of "(4) *Proceeds of insurance policies, except as hereinafter provided*" (italics ours) (T.C.A. sec. 30-1601 (a) (4) ).

The subsequent provision relating to proceeds of life insurance is section 30-1604, the pertinent part of which is as follows:

"If the decedent was a resident of this state, there shall be included in the gross estate the proceeds of insurance policies payable to named beneficiaries, or to his estate, or in such manner as to be subject to claims against his estate and to distribution as a part thereof; provided however, that there shall be exempt from the provisions of secs. 30-1601—30-1637 the proceeds of such policies as may be payable to Class A beneficiaries of the decedent and/or to a trustee, contractual, appointive or by will for such, to the extent of forty thousand dollars ($40,000) * * *."

Thus, the statute imposes a tax on transfers of proceeds of policies of insurance on the life of decedent (30-1601 (a) (4)), and includes in his "gross estate the proceeds of insurance policies payable to named beneficiaries, or to his estate, or in such manner as to be subject to claims against his estate and to distribution as a part thereof," except such proceeds as are exempted by this proviso:

"provided however, that there shall be exempt from the provisions of secs. 30-1601—30-1637 the proceeds of such policies as may be payable to Class A beneficiaries of the decedent and/or to a trustee, contractual, appointive or by will for such, to the extent of forty thousand dollars ($40,000) * * *."

Otherwise stated, by the statute, all such proceeds of policies on the life of decedent shall be included in his estate and taxed, except such "proceeds" as are payable to his Class A beneficiaries or to a trustee for such beneficiaries, to the extent of $40,000.00. Taxation of all such proceeds is the rule and the exemption, as here defined, is the exception.

In considering this exemption, the rule to be observed is this: when a taxing statute, by its terms, includes the subject in respect of which an exemption is claimed by way of exception, the exemption *must positively appear by the statute* and not by implication. *Karsch v. Atkins,* 203 Tenn. 350, 356, 313 S.W.2d 253, 255; *English v. Crenshaw,* 120 Tenn. 531, 537-538, 110 S.W. 210, 211, 17 L.R.A.,N.S., 753.

"In a suit against the State by a taxpayer claiming exemption from taxation, the taxing statute is con-

strued strictly against the taxpayer. The burden is upon the taxpayer to establish his exemption. The presumption is against the exemption, and exemption from taxation will not be read into a taxing statute by implication. *Sealed Power Corporation v. Stokes,* 174 Tenn. 493, 127 S.W.2d 114; *Nashville Tobacco Works v. City of Nashville,* 149 Tenn. 551, 260 S.W. 449; *Knoxville & O. Railroad Co. v. Harris,* 99 Tenn. 684, 43 S.W. 115, 53 L.R.A. 921.'' *Hamilton Nat. Bank v. McCanless,* 176 Tenn. 570, 574, 144 S.W. 2d 768, 769.

■ This exemption of proceeds of such policies on the life of a deceased resident as are payable to his Class A beneficiaries or to a trustee for them, insofar as they include his widow and children, must be read and considered with our statute, T.C.A. 56-1108, which is as follows:

"Any life insurance effected by a husband on his own life, shall in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband."

■ Where such policies are in usual form and payable to the insured husband's estate, or to his personal representative, our cases recognize that they are his property and he may dispose of them by assignment or by will, and thus forestall the operation of this statute. *American Trust & Banking Co. v. Twinam,* 187 Tenn. 570, 216 S.W. 2d 314; *Crockett v. Webb,* 195 Tenn. 88, 257 S.W.2d 4.

If, however, he does not do that, but allows the statute to operate, its effect is to prevent proceeds of policies, payable to his estate or his personal representative,

*"from passing into the hands of the administrator* [*or executor*] with the other effects of the insured, in favor of the widow and children.*" Rison v. Wilkerson & Co.,* 35 Tenn. 565, 569; *Williams v. Carson,* 68 Tenn. 516, 518; *Sparkman-Thompson, Inc. v. Chandler,* 162 Tenn. 614, 619, 39 S.W.2d 741.

Otherwise stated, the operation of this statute (1) prevents such proceeds from passing, as part of his estate, into the hands of his personal representative—segregates such proceeds from the estate, and (2) makes them payable to the widow and children in the manner stated; and where the personal representative receives such proceeds, he holds them merely as trustee for the widow and children.

As we have seen, the inheritance tax exemption includes and exempts proceeds of policies payable to Class A beneficiaries (widow, descendants, etc., T.C.A. sec. 30-1609), or to a trustee for them. This includes proceeds made so payable, whether by the terms of the policies, contract, will, or by operation of the statute (sec. 56-1108).

It will be noted, however, that while this exemption, by its terms, includes *"proceeds" payable to such beneficiaries* (or to a trustee for them), it does not include proceeds of policies payable for decedent's debts, or such proceeds subject to claims or charges against his estate, or proceeds distributable as a part of his estate, even though the distributees would come within his Class A beneficiaries.

■ Construing this exemption strictly, as we must, we think it cannot be extended beyond its terms to include

proceeds of policies which, by testator's will, were commingled and consolidated with the other assets of the estate, and made subject to claims and charges against the estate, even though the residuum was devised to trustees for those who would come within Class A beneficiaries.

We think there was an end to the exemption of the policy proceeds when they lost their quality and identity as such proceeds and were converted into testator's general estate by his will. What was devised and is payable to the beneficiaries is not such policy proceeds but the residuum of the general estate; and no part of this comes within the terms of the exemption. Cf. *State v. Blair*, 165 Tenn. 519, 57 S.W.2d 455, affirmed *sub nom Trotter v. Tenn.*, 290 U.S. 354, 54 S.Ct. 138, 78, L.Ed. 358, 360.

It is urged for complainants, however, that the officers charged with administration of this Act have construed it in accordance with complainants' contention and that they were entitled to rely upon such construction.

■ It is true there has been some inconsistency in the administrative construction of this exemption; and that while the construction of a statute by those charged with its administration is persuasive, it is not conclusive as to the legislative intent (*Moto-Pep, Inc. v. McGoldrick*, 202 Tenn. 119, 129, 303 S.W.2d 326); and we think such intent is as above indicated.

All of the assignments of error are overruled, the decree of the Chancellor is affirmed, and the costs are adjudged against complainants and the surety on their prosecution bond.