Emily Ann Marable PHIPPS, Surviving Spouse of James Webster Phipps, Deceased, Plaintiff–Appellee,

v.

Thomas E. WATTS, Jr., Executor, Defendant–Appellant.

Court of Appeals of Tennessee, Middle Section.

Sept. 22, 1989.

Permission to Appeal Denied by Supreme Court Dec. 4, 1989.

Thomas E. Watts, Jr., Nashville, for defendant-appellant.

D. Jefferson Herring, Nashville, Owens & Herring, for plaintiff-appellee.

OPINION

CANTRELL, Judge.

This case involves a dispute over a dissenting widow's elective share, exempt

property, and year's support as they are affected by life insurance on the decedent. First, the executor argues that the probate court erred in subjecting to the elective share the proceeds of life insurance payable to the estate and disposed of by the will of the decedent. Second, the executor argues that the probate court erred in denying the estate's request to charge the value of insurance proceeds applied to pay off the debt on the family automobile against the elective share. Finally, the executor argues that the trial court erred in failing to take into account the property passing to the widow outside of the probate estate in setting the amount of her year's support.

James Webster Phipps died testate in Davidson County, Tennessee on June 10, 1987, leaving a last will which named Thomas E. Watts, Jr. executor of the estate. After making certain specific bequests, the will left the residue of the testator's estate in trust for his two adult children.

The executor received on behalf of the estate life insurance payable to the estate in the amount of $94,000.00. Mr. Phipps' widow, Emily Ann Marable Phipps, received the proceeds of life insurance on Mr. Phipps' life outside the estate in the amount of $73,780.65.

The parties agree that a Plymouth automobile which was being driven by Mrs. Phipps at the time of Mr. Phipps' death was the family automobile. The car had been purchased on an installment sales contract and was subject to a lien in favor of Chrysler Credit Corporation. Mr. Phipps had also purchased credit life insurance which paid off the outstanding $10,713.55 debt on the automobile. This policy also paid an additional $1,643.31 to the estate under the terms of the certificate of insurance.

Ms. Phipps also received joint and survivor ownership interests in real property having an approximate value of $77,850.00.

Ms. Phipps established that her reasonable needs for a year's support were $12,-437.00.

On March 8, 1988, Ms. Phipps filed her petition seeking an elective share of the estate, a year's support and certain items of exempt property. Based on this petition, the executor's response, and the affidavits of the parties, the trial court held:

1. That the Petitioner's request for year's support in the amount of Twelve Thousand Four Hundred Thirty–Seven Dollars ($12,437) is reasonable, taking into consideration the condition of the Estate.

2. That the 1987 Plymouth Turismo automobile currently being driven by Petitioner was the family automobile of the marriage and shall be the exempt property of Petitioner. The Court denies the Estate's request to credit the Petitioner's elective share with a debt paid off which was secured by the 1987 Plymouth Turismo.

3. That the Petitioner shall be allowed those exempted pieces of property that she wants, allowed or as provided by statute, no more and no less.

4. That the petitioner is entitled to a one-third (⅓) elective share as provided by statute, which computation thereof shall include the proceeds of life insurance policy payable to the Estate of JAMES WEBSTER PHIPPS.

5. That the costs in this cause shall be assessed against the Estate.

### A.

The right of a dissenting spouse to take an elective share of the estate is found in Tenn.Code Ann. § 31–4–101 (1988):

(a) A decedent's surviving spouse has the right to elect to take an elective share. The elective share is one third (⅓) of the decedent's net estate as defined in subsection (b) hereof. The right to elect an elective share is available to the surviving spouse of an intestate decedent and a testate decedent if the surviving spouse elects against the decedent's will. When the elective share is determined, it is exempt from the unsecured

debts of the decedent incurred after April 1, 1977. In determining the elective share, it is not reduced by any estate or inheritance taxes.

(b) The net estate includes all of the decedent's real and personal property subject to disposition under the terms of the decedent's will or the laws of intestate succession reduced by funeral and administration expenses, homestead, *exemptions* and year's support. (emphasis supplied)

The executor argues that life insurance on the life of the decedent is one of the exemptions referred to in Tenn.Code Ann. § 31–4–101(b). That argument is based on two sections in Title 56 of the Code which, under certain circumstances, make life insurance immune to the claims of creditors. Tenn.Code Ann. § 56–7–201 (1980) provides in part:

> Any life insurance effected by a husband or wife on their own life, shall, in case of their death, inure to the benefit of the surviving spouse and children and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the decedent.

In addition, Tenn.Code Ann. § 56–7–203 (1980) covers part of the same ground:

> The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the wife and/or children, or dependent relatives of such persons, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after January 1, 1932, whether or not the right to change the named beneficiary is reserved by or permitted to such person.

█ We are of the opinion, however, that the exemptions referred to in Tenn.Code Ann. § 31–4–101 are the exemptions referred to in the probate code, Tenn.Code Ann. § 30–2–101 (1988). That section pro-

vides that certain items of personal property of an estate shall become the absolute property of a "surviving spouse, or, if none, the unmarried minor children of an intestate decedent, or the surviving spouse of the testate decedent who elects to take against the decedent's will." *Id.* While it is true that the proceeds of insurance on the life of the decedent may be exempt from the claims of creditors under certain circumstances, under other circumstances the insurance may be used to pay specific debts. *American Trust and Banking Co. v. Twinam,* 187 Tenn. 570, 216 S.W.2d 314 (1948). And, before the 1972 amendment to Tenn.Code Ann. § 56–7–201, the use of apt words in the will expressing the testator's intent to dispose of the insurance proceeds contrary to the provisions of the statute made the statute wholly inapplicable and the insurance subject to the claims of creditors. *Crockett v. Webb,* 195 Tenn. 88, 257 S.W.2d 4 (1953); *Sparkman–Thompson, Inc. v. Chandler,* 162 Tenn. 614, 39 S.W.2d 741 (1931).

In *American Trust and Banking Co. v. Twinam,* the court drew a distinction between "exempt property" and the insurance proceeds which may be exempt from the claims of creditors. The court said:

> It must be borne in mind that section [56–7–201] exempting life insurance effected by a husband on his own life to the widow and children, and directing its distribution, is unlike the general exemption law, in that under section [56–7–201] the husband is the owner of the insurance made payable to himself or to his executor or administrator and has the right to dispose of the same in his lifetime or by his last will, while with respect to exempt property under the general exemption laws the testamentary power has been limited in this state in regard thereto, and although the husband's will purports to dispose of property exempt from execution during his lifetime, it has been held said exempt property does not belong to the estate of the deceased husband and as such cannot pass under his will as against the right of his widow. 216 S.W.2d at 317.

We conclude that even though life insurance under some circumstances may be exempt from the claims of creditors, it is not one of the exemptions referred to in Tenn.Code Ann. § 31–4–101(b).

We would be remiss, however, if we allowed the inquiry to stop there. We recognize that there have been cases where insurance proceeds have been held to be exempt from the claims of the dissenting widow. But, these cases turned on the fact that the insurance never became a part of the decedent's estate—not on the fact that the insurance was one of the exemptions mentioned in Tenn.Code Ann. § 31–4–101(b). Perhaps it is only a different way of stating the executor's argument, but we think the differences in the two views of the problem are significant.

In *Agee v. Saunders,* 127 Tenn. 680, 157 S.W. 64 (1913), the court held that insurance made payable to the estate could not be used to fund the widow's year's support. In that case, the decedent died intestate. Since the decedent had not taken any action which diverted the insurance money from the purposes specified in Tenn.Code Ann. § 56–7–201, the court held that the statute prevented the money from becoming a part of the estate. "Since an exempt insurance policy is not assets, it does not fall within the terms of the statute" (the statute providing for a year's support). 127 Tenn. at 684, 157 S.W. at 65. *See also In re Estate of Bruce,* 58 Tenn.App. 435, 430 S.W.2d 884 (1968); *American Trust and Banking Co. v. Twinam,* 187 Tenn. 570, 216 S.W.2d 314 (1948).

On the contrary, in the case of *Crockett v. Webb,* 195 Tenn. 88, 257 S.W.2d 4 (1953), the testator had made his life insurance payable to his estate and provided by his will that the residue of his estate be transferred in trust for his widow, a sister, a friend, and a memorial for his first wife. The court held that the disposition of the insurance money by apt words in the will in a manner contrary to the provisions of the statute made it a part of the general estate and subject to the widow's elective share.

In *Sparkman–Thompson, Inc. v. Chandler,* 162 Tenn. 614, 39 S.W.2d 741 (1931), the decedent by his will left to his niece a $4,000.00 life insurance policy payable to his estate. The court held that the fund had been diverted from the class favored by the statutes and, thus, became a part of the decedent's estate.

From these decisions we conclude, and the appellee seems to concede in her brief, that prior to the 1972 amendment to Tenn. Code Ann. § 56–7–201, life insurance payable to a decedent's estate would not become a part of the estate unless the decedent had by apt words diverted the insurance from the favored class mentioned in the statute. In 1972, however, the legislature added the second part of Tenn.Code Ann. § 56–7–201:

> Provided, however, that the proceeds of such insurance payable to a testate estate shall pass, as part of the estate and under the dispositive provisions of the will, as ordinary cash whether or not the will uses any apt or express words referring to the insurance proceeds, but such proceeds shall not be subject to the debts of the decedent unless specifically charged therewith in the will.

We think that the plain language in the 1972 amendment makes the proceeds of life insurance payable to a testate estate a part of the estate regardless of the disposition of the insurance in the will. The insurance is still exempt from the claims of creditors but is an asset of the estate "as ordinary cash." Thus, the insurance would be part of the estate for the purpose of calculating the dissenting widow's elective share.

### B.

■ The defendant contends that the value of the insurance proceeds applied to pay off the debt on the family automobile should be charged against the elective share. Tennessee Code Ann. § 30–2–101 (1988) does not support his position:

> (a)(1) The surviving spouse, or if none, the unmarried minor children of an intes-

tate decedent or the surviving spouse of the testate decedent who elects to take against the decedent's will *is entitled absolutely to the following property of the estate without regard to its value:* the family Bible and other books, the family automobile, all wearing apparel of the deceased, all household electrical appliances, all household musical and other amusement instruments, and all household and kitchen furniture, appliances, utensils and implements. (emphasis added)

(2) Such property shall belong to the surviving spouse, if any, otherwise to the unmarried minor children in equal shares.

The statute provides that the family automobile is exempt property to which the surviving dissenting spouse is "entitled absolutely ... without regard to its value." Tenn.Code Ann. § 30–2–101(b). Mr. Phipps had a life insurance policy to satisfy the lien on the automobile. The proceeds of this insurance policy were paid to the noteholder of the debt on the car. Obviously, Mr. Phipps had this policy to protect his family. His widow should not be penalized for his foresight. The statute indicates that the insurance applied to pay the debts secured by exempt property should not be subtracted from the elective share.

### C.

The executor argues that in setting the year's support for a dissenting widow the court should take into account the money and other property, including life insurance, which passed to the widow outside of the probate estate at the death of the decedent. In this case the widow received a substantial amount of property and insurance which passed to her upon the death of the decedent. Under the executor's theory the widow would be entitled to only a minimal sum as a year's support because the property and money she received outside the estate removes the need she would otherwise have.

Tenn.Code Ann. § 30–2–102(a) (1988) provides as follows:

In addition to the right to homestead, a distributive share under title 31, chapter 4, and exempt property, the surviving spouse of an intestate, or a spouse who dissents from a decedent's will, is entitled to a reasonable allowance in money out of the estate for his or her maintenance during the period of one (1) year after the death of the spouse, according to his or her previous standard of living, taking into account the condition of the estate of the deceased spouse.

It appears that the words "taking into account the condition of the estate" refer to a situation in which the estate is not sufficient to pay the full year's support without serious impairment or depletion. This situation is not shown in the present case.

The executor does not contest the amount of $12,437.00 as the amount necessary to support the widow for a year. Instead the executor argues that, since the widow is able to provide for herself out of funds that passed to her as consequence of the death of the decedent, the court should reduce the amount awarded.

We can see nothing in the statute that would allow the result sought by the executor. The cases interpreting the statute have said that the statute is to be construed liberally in favor of the right of the widow. *Acuff v. Daniel*, 215 Tenn. 520, 387 S.W.2d 796 (1965). We find no authority in Tennessee for construing the statute to mean that the probate court should not allow a year's support if the surviving spouse is able to support himself or herself.

The judgment of the court below is affirmed and the cause is remanded to the Probate Court of Davidson County for any further proceedings that may be necessary. Tax the costs on appeal to the estate.

TODD, P.J., and LEWIS, J., concur.