GOSLING, Guardian, etc., v. CALDWELL.

INSURANCE POLICY. *Not assignable. When.* A husband who takes out a policy of insurance on his life payable after his death to his "legal heirs," cannot make a valid assignment of the policy to third persons, but the insurance money will, on his death, go to his widow, children, and grandchildren who are the distributees of his estate, under the statute of distribution.

FROM BEDFORD.

Appeal from the Chancery Court at Shelbyville. A. S. MARKS, Ch.

E. COOPER for complainant.

WARDER for defendant.

COOPER, J., delivered the opinion of the court.

By a policy of insurance on his own life, taken out by William Gosling, the insurance company promised to pay the amount assured, within sixty days after his death, "to the legal heirs of the said William Gosling." Afterwards, on the 13th of September, 1875, Gosling, by a separate instrument and delivery of the policy, transferred to Thos. H. Caldwell a trust for the indemnity of himself, and others as sureties for Gosling. Gosling has since died, leaving a widow, three children, and two grandchildren the children of a son who died before him. The question submitted by the agreed case is, whether the

grandchildren for whom complainant is guardian are entitled to any, and what, share of the fund due upon the policy which was paid by the company to Caldwell by agreement of parties.    The other children have, it seems, released their interest to the trustee.

By the act of 1846, ch. 216, sec. 3, brought into the Code as secs. 2294 and 2478, a husband was authorized to effect a policy of insurance on his life, which should enure to the benefit of his widow and heirs, to be divided between them according to the law of distribution, free from the claims of creditors. It was made a point under these provisions, whether the husband, who had taken out an ordinary policy of insurance on his life, payable to himself or personal representative, could assign the same for the benefit of creditors, or make a disposition thereof by will, so as to deprive the wife and children of a benefit under the statute.    But it was properly held that the statute was not intended to deprive the husband of the power of disposition incident to the ownership of the policy, and was designed simply to exclude the claims of creditors in case of intestacy, the amount assured being part of the assets of the estate:    *Rison* v. *Wilkerson*, 3 Sneed, 565; *Williams* v. *Corson*, 2 Tenn. Chan., 269, affirmed on appeal. It was strongly intimated in the first of these cases that if the policy had been made payable to the widow and heirs, the proceeds could not have been diverted from them, and the authorities are uniform to this effect: *Gould* v. *Emerson*, 99 Mass., 154; *Eadie* v. *Slimmon*, 26 N. Y., 9; *Conn. Mut. Life Ins.*

Gosling *v.* Caldwell.

*Co.* v. *Burraughs,* 34 Conn., 305; *Ruppert* v. *Union Mut. Ins. Co.,* 7 Robt., 155; *Frat. Mut. Life Ins. Co.* v. *Applegate,* 7 Ohio St., 292. The principle which underlies these decisions is, that when the policy is issued the rights are vested, and cannot be divested without the consent of those to whom they are se-cured. The same rule applies where the policy issued to the party himself has been assigned by an exe-cuted contract, though voluntary. *Fortescue* v. *Barnett,* 3 M. & K., 36; *Harrison* v. *McCarskey,* 2 Md., ch. 34; *McCop* v. *Noyes,* 3 Bradf., 139.

The word "heirs," it is well settled, is flexible, and in the case of personalty, means next kin. *Vaux* v. *Henderson,* J. & W., 388, note; *Ward* v. *Saunders,* 3 Sneed, 387.

The Chancellor's decree, giving one-fifth of the fund to the grandchildren, must be affirmed.