HAMMERS *v.* PRUDENTIAL LIFE INS. CO. OF AMERICA *et al.*

(*Nashville*, December Term, 1947.)

Opinion filed December 11, 1948.

GROVER McCORMICK, of Memphis, for complainant.

CANALE, GLANKLER, LOCH & LITTLE and CHAS. L. GLAS-COCK, all of Memphis, for defendant.

PER CURIAM:—Petition to rehear has been filed on our action in denying the writ of *certiorari* in the above cause. Objection is made and the petition is based on the following quotation from the opinion of the Court of Appeals:[1]

"An analysis of these cases is not necessary. They show that Tennessee is aligned with the jurisdictions which follow the prevailing rule that an absolute assignment of a life policy by the insured to one who has no insurable interest in the life of the insured, when made in good faith and with no intention that the assignment shall be used as a subterfuge to cover a wagering or gambling transaction, is not against public policy, but is valid. Couch Cyclopedia of Insurance Law, Volume 6, 5197, Section 1458e; 29 Am. Jur., 313, 314, Insurance, Section 357."

The objection to this part of the opinion of the Court of Appeals is summarized in the following quotation from the petition to rehear:

"The petitioner herein with all due deference to the opinion of the Court submits that the learned Court of Appeals is in error in stating the law in Tennessee as set forth in this quotation. It never has been the law in Tennessee that an insured can assign the proceeds of a life insurance policy on his life to one having no insurable interest in his life with the understanding that he will pay no more premiums and that all future premiums will be paid by such assignee. Such assignee, it has been held by all of the cases in Tennessee up to now, is a pure wagerer as a matter of law, and is against the public policy of the state."

---

[1] No prior opinion for publication.

8

It is significant that the Petitioner cites no Tennessee case to support this assertion.

▮▮▮▮ Because there was no bill of exceptions filed and because the two lower Courts have concurred, no questions of fact are before us and it has been finally determined (1) that the original contract of insurance was valid and legal in all respects, (2) that Mrs. Betty Stevens had no insurable interest when the policy was assigned to her, (3) that she took the assignment in good faith and did not accept it as a subterfuge or maintain the insurance as a matter of speculation or as a gamble. These facts have been found specifically by both the lower Courts.

"So, also, the weight of authority is that, when a policy has once been issued to a beneficiary legally entitled, he may assign it to another, who has no insurable interest, either by a transfer in his lifetime or by a last will and testament. [3 Am. & Eng. Encyclopedia of Law, (2d) Ed.] p. 1025.

"But, while this is true, the transfer and assignment must be made in good faith, and not as a mere colorable evasion of the provision in regard to wagering contracts, and in order to validate or legalize the same. . . . [Mutual Protection] Insurance Co. v. Hamilton, 5 Sneed 269 [37 Tenn. 269]." Clement v. New York Life Ins. Co., 101 Tenn. 22, 36, 46 S. W. 561, 564, 42 L. R. A. 247, 70 Am. St. Rep. 650.

In a Tennessee case which went to the Supreme Court of the United States from the Federal Court of the Middle Division, Justice HOLMES wrote the opinion upholding as assignment of life insurance which was substantially identical with that before us here, and in the course of the opinion he stated the Tennessee rule as it had been

established by the Tennessee Supreme Court in the following language:

"It is at least satisfactory to learn from the decision below that in Tennessee, where this assignment was made, although there has been much division of opinion, the supreme court of that state came to the conclusion that we adopt, in an unreported case—*Lewis* v. *Edwards*, December 14, 1903. The law in England·and the preponderance of decisions in our state courts are on the same side." *Grigsby* v. *Russell*, 222 U. S. 149, 32 S. Ct. 58, 59, 56 L. Ed. 133, 137, 36 L. R. A., N. S., 642, Ann. Cas. 1913B, 863.

Other Tennessee cases that support the decision in *Clement* v. *New York Life Ins. Co.*, *supra*, are: *Rison* v. *Wilkerson*, 35 Tenn. 565; *Tennessee Lodge No. 20 of Knights of Honor* v. *Ladd*, 73 Tenn. 716; *Williams* v. *Carson*, 68 Tenn. 516; *Scobey* v. *Waters*, 78 Tenn. 551; *Gosling* v. *Caldwell*, 69 Tenn. 454, 27 Am. Rep. 774; *Handwerker* v. *Diermeyer*, 96 Tenn. 619, 36 S. W. 869.

Compare: *Wright* v. *Wright*, 100 Tenn 313, 45 S. W. 672.

Petition denied.